## GIBSON v. RAPPOLEE.

No. 10474—Opinion Filed May 2, 1922.

(Syllabus.)

**1. Appeal and Error—Change of Theory of Case on Appeal.**

Where a party has tried his case and submitted the same to the jury upon one theory, if the verdict and judgment of the trial court is against him, he will not be permitted to try the case upon a different theory in this court.

**2. Same—Record Held Not to Show Reversible Error.**

Record examined, and held, there is no reversible error in the giving of the instructions, and the evidence is sufficient to support the verdict of the jury; therefore, the same will not be set aside on appeal.

Error from District Court, Bryan County; C. E. Dudley, Judge.

Action by Maulsie Gibson, an incompetent, by her legal guardian, Geo. W. Seeley, against J. L. Rappolee to rescind sale of real estate. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert Crockett, W. F. Semple, and E. A. Clark, for plaintiff in error.

McPherren & Cochran, for defendant in error.

McNEILL, J. Maulsie Gibson commenced this action in the district court of Bryan county against J. L. Rappolee to recover $4,300. The petition alleged that the plaintiff was a full-blood Indian, and was the sole heir of Jane Jeflow, and as such she inherited a certain tract of land; that under and by virtue of section 9 of the act of Congress approved May 27, 1908, said land was inalienable in the hands of Maulsie Gibson unless the conveyance was approved by the judge of the county court. It is alleged that plaintiff sold the land for $5,000, and that J. L. Rappolee was county judge, and as such approved the deed, but he required the plaintiff, Maulsie Gibson, to deposit the money in the bank at Durant and gave oral instructions to the bank not to pay out said funds unless upon check countersigned by defendant. It is then alleged that thereafter Rappolee sold to the plaintiff a house and lot in Durant for the sum of $4,300, and she gave in payment therefor a check on the bank of Durant for $3,700. which check was countersigned by defendant, and in addition thereto an order on the administrator of the estate of Jane Jeflow for $600, which order was paid by the administrator to Rappolee. It is also alleged that the house was not worth over $3,000 and that

the defendant made certain fraudulent representations to plaintiff and by duress induced her to sign the check. She asked to recover $4,300, or if the court held she was not entitled to recover the full $4,300, that she then recover the difference between $4,300 and the actual value of the property, which is alleged to be $3,000. There was no offer made to return the house to defendant.

Defendant filed an answer, which was a general denial. Upon trial of the case the court instructed the jury, in substance, that when the money was deposited in the bank at Durant, and the county judge directed the bank not to honor checks except those approved by him, that said facts were sufficient to create a trust relation between the parties, and that Mr. Rappolee stood in relation of trustee to Maulsie Gibson, and as such trustee he was required under the law to treat her fairly in any transaction he had with her, and could not make a profit, but was required to give actual value for every dollar he received from her. The court further instructed the jury that under the facts the burden of proof was upon defendant to show by a preponderance of the testimony that the transaction was fair, and that he did not in any way take advantage of plaintiff by reason of his position as trustee. The court further instructed the jury, if they found the house and lot which was sold for $4,300 was of less value than that sum, it was their duty to return a verdict for the plaintiff and fix the amount of her recovery at the difference between the purchase price and the reasonable market value of the house. The court further instructed the jury that if Rappolee dealt fairly with the plaintiff, took no advantage of her, and the house he sold was of the reasonable value of $4,300, then it should return a verdict for the defendant.

The evidence in the case as to the value of the house was conflicting, ranging from $3,000 to $5,000. The jury returned a verdict in favor of defendant and against the plaintiff. From said judgment the plaintiff has appealed.

For reversal, the plaintiff in error assigns many assignments of error. But in briefing the case they rely upon one proposition, to wit: That the sale by the defendant of his property to the plaintiff was void, and they are entitled to recover the money paid, without returning or offering to return the property received. They admit they have no authority to sustain their position, but say the court should hold the transaction against public policy.

The county judge in approving the conveyance was simply acting as an agent of the federal government. He had no jurisdiction over the funds derived by the plaintiff from said sale. His act in ordering the money deposited in the bank and not to be paid out without his consent or approval was absolutely without authority and void. The trial court, however, did treat him as a trustee and placed the burden upon him to show the transaction was fair and free from fraud. The case was tried by both sides upon this theory. When we accept this theory of the case, there was no error in the giving of this instruction. Plaintiff requested an instruction very similar to the ones given by the court. The case was tried upon the theory that the defendant occupied the position of trustee and that the plaintiff was a cestui que trust. This was the position the plaintiff took in the trial below. This court in a long line of decisions has announced the following rule:

"Plaintiff cannot stand by and permit his case to be submitted to the jury upon one theory without objection, then if the verdict and judgment of the trial court is against him, try it upon a different theory in this court."

The requested instruction of plaintiff below was, in substance, that the defendant, Rappolee, occupied the position as such trustee to plaintiff and that as such trustee in a transaction between the parties the acts of the trustee should be looked upon with a greater degree of suspicion than a transaction with any other person. The plaintiff then requested the court to instruct the jury that the contract was voidable. It was upon this exact theory the court instructed the jury.

The plaintiff in this court now contends the transaction was absolutely void and against public policy. The plaintiff below, having requested an instruction that the jury look with greater degree of suspicion upon the transaction than if it were had with any other person, and the court having instructed the jury upon this theory, cannot try the case in this court upon a different theory.

There being no reversible error in the instructions of the court, and it being admitted there was sufficient evidence to support the finding and the verdict, the judgment of the court is therefore affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.