## FUHRING v. CHICAGO, R. I. & P. RY. CO.

No. 11782—Opinion Filed Jan. 15, 1924.

### 1. Appeal and Error—Change of Theory of Case.

Where a party has tried his case and submitted the same upon one theory, if the verdict and judgment of the trial court are against him, he will not be permitted to submit his cause on a different theory in this court.

### 2. Appeal and Error — Objections Below — Sufficiency of Evidence.

An assignment of error, predicated upon the refusal of the trial court to render judgment notwithstanding the verdict, cannot be considered, unless the sufficiency of the evidence to support the verdict rendered in the cause was challenged by a demurrer or by motion for a directed verdict.

### 3. Sufficiency of Evidence and Instructions.

Instructions examined, and held, that the same correctly state the law applicable to the theory on which the case was tried; and the evidence is sufficient to support the verdict of the jury; therefore, the same will not be disturbed on appeal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Joseph Fuhring against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Ledbetter. Stuart, Bell & Ledbetter and A. G. Morrison, for plaintiff in error.

C. O. Blake, W. R. Bleakmore, A. T. Boys, and W. F. Collins, for defendant in error.

Opinion by JARMAN, C. This action was brought by the plaintiff, Joseph Fuhring, against the Chicago, Rock Island & Pacific Railway Company in the district court of Canadian county to recover damages to the crops and land of the plaintiff, alleged to have been caused by the defendant constructing dykes, embankments and a certain bridge on the South Canadian river, thereby diverting the channel of said river and causing it to flow upon and across the lands of the plaintiff. The cause was tried to a jury, resulting in a verdict for the defendant, on which judgment was rendered, and the plaintiff brings error.

The plaintiff owns certain lands on the north side of the Canadian river, and about one-half of a mile west of the point where the defendant constructed a bridge across said river. The plaintiff alleges that the banks of the river on the north side, where his lands are located, are about 10 or 15 feet high and that the land on the south side of said river is low, and, during rises, the water flowed naturally over the lowlands to the south; that, when the defendant constructed its railway, it negligently threw up a high embankment or grade, on which the track was built, which stopped the water from flowing in its natural course and forced it to run through and under the railroad bridge, and that said bridge was negligently constructed, in that the opening through which the water flowed was too small, and the bridge and the embankment acted as a dam which impounded the water and caused it to back up, and the defendant, in order to protect its embankment and bridge from being washed out on the south side, built or constructed two dykes on the south bank of the river, which projected into the river and were located about one-half and three-quarters of a mile, respectively, west of the bridge, and the plaintiff alleges that said dykes were negligently and unlawfully constructed in such manner as to obstruct the flow of the water on the south side of the river and force the channel and current of the river towards the north; that the defendant negligently and unlawfully filled up a large section at the south end of the bridge with earth and rock, thereby making a dam where said bridge had previously been open and which still further impeded the flow of the waters in the river and further forced the channel and current of said river towards the north; that by reason of the negligence caused by the defendant in obstructing and interfering with the natural flow of the waters of said river, as above set out, the channel of said river was forced to the north and said river was caused to flow upon and across the lands of the plaintiff, causing the destruction of

his crops and the loss of a portion of said land, by being washed away, during the years of 1914, 1915, and 1916; the plaintiff further alleges that during the year 1917, the defendant negligently and unlawfully constructed a large dam across the river at the south end of the bridge, which still further impeded the progress of the river and changed the natural flow thereof and forced said river farther to the north; that by reason thereof, and of the other causes, hereinabove mentioned, the plaintiff suffered the loss of certain crops and a portion of his land in 1917 on account of the water flowing upon and across said land.

The defendant denies that it negligently constructed the bridge, dykes, and embankments, referred to by plaintiff, and denies that by reason of its act in constructing said bridges, dykes, and embankments, that the plaintiff was damaged. The defendant admits that it constructed these improvements, but alleges that the same were necessary in order to protect and maintain its railway at that point, and that the same did not cause the river to change its channel and force the waters of said river upon and across the lands of the plaintiff; the defendant alleges that, at the time said bridge was constructed, the channel of the river was at the center of the bridge, and, in order to confine the river to its natural channel, where it was at the time of the location and construction of said bridge and the embankment on which the track was laid, and to prevent the water from cutting through at the south end of the bridge and washing away the embankment and the bridge, the defendant constructed two dykes about one-fourth and one-half of a mile, respectively, west of the bridge on the south bank of the river; that said dykes were not constructed in the main channel of the river as it then existed; that prior to the construction of said dykes the river had changed its course towards the north.

In 1905 the plaintiff filed an action in the district court of Canadian county against the defendant to recover damages to this same land and for the loss of crops grown thereon occasioned by the river flowing across said land, which was caused by the construction of the two dykes located about one-fourth and one-half of a mile, respectively, west of the bridge, referred to above. Judgment was rendered in the former case in favor of the plaintiff and the jury made the following special findings of fact in answer to special interrogatories submitted, to wit: That at the time the railway was built and located, the

channel of the river was at the center of the bridge; that the dykes constructed on the south bank of the river one-fourth and one-half of a mile, respectively, west of the bridge were for the protection of the south end of the bridge and the embankment, and were not constructed in the main channel of the river, as it was at the time of construction; that the river had, prior to the construction of said dykes, cut away the banks at and about the south end of the bridge; that, at and prior to the time of construction of said dykes, the river curved to the north about one-half of a mile west of the more westerly of said dykes and that the general course of the river then was southeast.

During the trial of the instant case, the defendant introduced in evidence the pleadings, the verdict, and special findings of facts as above detailed, and the judgment of the court in the former case, for the purpose of showing that said facts, which are involved in the instant case, were adjudicated and determined in the former action between these parties, and the defendant contended that the same could not be litigated in the instant case; but the plaintiff insisted upon, and the court permitted him to introduce evidence in support of the allegations of his petition, including the matters embraced in the special findings of fact in the former case, as above referred to.

The plaintiff did not demur to the evidence of the defendant, and neither did he move the court for a directed verdict. After the jury returned a verdict in favor of the defendant, the plaintiff filed a motion for judgment notwithstanding the verdict.

The plaintiff assigns and relies upon six specifications of error as follows:

"1. The trial court erred in overruling, and not sustaining the plaintiff's motion for judgment notwithstanding the verdict.

"2. The trial court erred in overruling the plaintiff's motion for a new trial.

"3. The trial court erred in not instructing the jury to return a verdict for plaintiff for some amount.

"4. The trial court erred in giving instruction number 4 to the jury.

"5. The verdict of the jury is contrary to law.

"6. There were errors of law occuring at the trial and excepted to by plaintiff at the time."

The first, third, fifth, and sixth assignments of error will be considered and discussed together in view of the manner in which they are treated in plaintiff's brief.

The plaintiff contends that the judgment rendered by the district court of Canadian county in 1905, in a case between the same parties and involving the same tract of land, was an adjudication of the fact that the damage to the land of the plaintiff and the crops grown thereon was caused by the diverting of the water and the channel of the river, through the construction of the dykes on the south side of the river, and that therefore there was only one question to be settled in this case and that is the amount of damages suffered by the plaintiff. In other words, the plaintiff takes the position that the judgment in the former case between these parties adjudicated all questions necessary to fix liability upon the defendant in the instant case, and that the only question that should have been submitted to the jury was the amount of damages suffered by the plaintiff. The plaintiff contends that, while the judgment in the former case was not pleaded by him, yet the same was offered in evidence and was introduced in evidence on the part of the defendant without objection, and, therefore, the pleadings would be deemed to have been amended to that effect and extent (Harn v. Patterson, 50 Okla. 694, 160 Pac. 924; Elwood Oil & Gas Co. v. McCoy, 72 Oklahoma, 179 Pac. 2; American Nat. Ins. Co. v. Rardin, 74 Oklahoma, 177 Pac. 601), and that, since the pleadings and judgment in said former suit are an adjudication of the fact that the dykes caused the river to change its course, and to run upon and across the plaintiff's land, therefore, this fact or question, which was actually and directly in issue in said former suit, and was passed upon and determined by a court of competent jurisdiction, cannot again be litigated in this action between the same parties. Johnson v. Gilbert, 66 Okla. 308, 168 Pac. 1031; Okla. Moline Plow Co. v. Smith, 81 Okla. 61, 196 Pac. 962.

We have no fault to find with the law announced in the cases cited by plaintiff in support of these propositions, but we do not think the same are applicable here. The only purpose for which the pleadings, verdict, and findings of fact by the jury and the judgment of the court in the former case were introduced and admitted in evidence was to show that certain facts involved in the instant case had already been determined, such as that the channel of the river was at the center of the bridge at the time the bridge was built, that the dykes were not constructed and built into the channel of the river at the time said dykes were constructed and that they were constructed for the purpose of preventing the river from washing away the embankment and the bridge at the south end; and

the defendant contended that these facts were not subject to be litigated again in the instant action. The plaintiff made no objection to the introduction of said pleadings and was willing to let them be considered in connection with all the other evidence, but insisted on submitting, and did submit, evidence in support of all the allegations contained in his petition, including these facts alleged to have been adjudicated in the former action, and this theory of the case was submitted to the jury by the court in its instructions, and, under the well known rule, established by a long line of authorities, the plaintiff will not be permitted to try his case in the lower court on one theory and then submit his cause on a different theory here. Gibson v. Rappolee, 86 Okla. 100, 206 Pac. 825. At any rate, the former judgment was not an adjudication of the cause of action in the instant case, because a different condition obtained in 1914, 1915, 1916, and 1917 from that of 1905, when the former action accrued. The trial court was generous to the plaintiff, because he was permitted to introduce evidence to controvert facts that had been adjudicated in the former action, which is contrary to the rule he seeks to invoke here now.

The question of the refusal of the trial court to render judgment for the plaintiff notwithstanding the verdict cannot be considered, as it involves the sufficiency of the evidence to support the verdict, which was not challenged by demurrer nor by motion to direct a verdict. Bank of Commerce v. Webster, 70 Oklahoma, 172 Pac. 943.

In support of the second specification of error, that the trial court erred in overruling the plaintiff's motion for a new trial—the plaintiff does not present any argument nor cite any authority; but merely states that:

"The trial court should have at least sustained plaintiff's motion for a new trial, the grounds thereof being substantially the same as set forth under the argument by plaintiff in his first specification of error."

The assignment has, therefore, already been disposed of in this opinion.

In the fourth specification of error, the plaintiff contends that the court erred in giving instruction No. 4 to the jury, for the reason that said instruction left to the jury the question of the negligence and liability of the defendant in constructing the dykes, embankment, and bridge when these matters had already been adjudicated in the former trial. This question has already been fully considered in connection with other specifications of error. The in-

struction complained of covers the theory on which this case was tried and submitted to the jury, and no prejudicial error appears in connection therewith.

For the reasons hereinabove given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.