Lawrence VOSS, Appellant,

v.

**CITY OF OKLAHOMA CITY, A Municipal Corporation, Appellee.**

No. 52215.

Supreme Court of Oklahoma.

Oct. 7, 1980.

Rehearing Denied Nov. 10, 1980.

James F. Fellingham, Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor by Dick A. Blakeley, Asst. Municipal Counselor and Kenneth D. Jordan, Law Clerk, Oklahoma City, for appellee.

HODGES, Justice.

The resolution of the following questions is necessary to determine this appeal: 1) whether the trial court had jurisdiction to determine a contractual dispute after the employee had utilized the grievance procedures provided for by the union collective bargaining agreement; 2) may the decision of the arbitrator be challenged because the arbitrator acted in excess of his authority; and 3) did the union waive the rights of the employee to proceed in district court by adoption of the collective bargaining agreement.

The City of Oklahoma City [City-appellee] terminated Lawrence Voss's employment as a firefighter. The firefighter, pursuant to the collective bargaining agreement[1] and the Oklahoma City Employees Grievances Procedures[2] incorporated in the

1. The grievance procedure of the collective bargaining agreement negotiated between the firefighters union and the City provides:

"*Section 1.* The Union or any employee may file a grievance within thirty (30) days of said occurrence, as hereinafter defined, and shall be afforded the full protection of this Agreement. *Section 2.* Any controversy between the Employer and the Union or any employee concerning the interpretation, enforcement or application of any provision of this Agreement, concerning any of the terms or conditions of employment contained in this Agreement, shall be adjusted in the following manner:

a. The grievance shall be discussed by the employee involved with his immediate Officer-in-Charge. Said employee's Union Steward, or his alternate, shall be present at said discussion. The answer shall be orally submitted by the immediate Officer-in-Charge within ten (10) calendar days to the employee involved and to the Union Steward.

b. If the grievance is not settled by the provision of Section 2a, it shall be submitted in writing to the Union Grievance Committee. Within ten (10) calendar days the Union Grievance Committee shall determine, in their sole discretion and judgment, whether or not a grievance exists within the terms and conditions of this Agreement.

(1) If the Union Grievance Committee finds a grievance does exist, the procedure of subsection c of Section shall apply.

(2) If the Union Grievance Committee finds a grievance does not exist the employee may, at his option, proceed to step 2 of the existing O.C. Employees Grievance Procedures; and no further proceedings shall be had under the Contract Grievance Procedure.

c. If the Union Grievance Committee finds that a grievance does exist, the Committee shall submit, in writing, this grievance to the Chief of the Oklahoma City Fire Department for adjustment."

2. Steps 2–5 of the Oklahoma City Employees Grievance Procedure which were incorporated into the collective bargaining agreement, provide:

"Step 2. A grievance not satisfactorily resolved in Step 1, may then be orally presented to the employee's Appointing Authority. The Appointing Authority is normally a Department Head or Division Head. The Appointing Authority shall review the grievance, discuss it with all concerned, and render his decision in writing within three (3) working days to the employee, directing a copy to the Grievance Review Board.

"Step 3. A grievance not satisfactorily resolved in Step Two may then be made in writing to the Personnel Director within three (3) working days from the receipt of the written decision of the Appointing Authority. The Personnel Director shall conduct an investigation including the interviewing of both parties and make an effort to reconcile the parties involved within ten (10) working days after the complaint has been filed. A recommendation for reconciliation shall be made to the parties in writing. The complainant not satisfied with the recommended action may appeal to the Grievance Review Board within three (3) working days of receipt of the Personnel Director's recommendation. (per Council action 11–4–69).

"Step 4. Grievances not resolved in Steps 1, 2, or 3 may be submitted in writing (see attached form–'Employee Grievance') by the employee to the Grievance Review Board within three (3) working days. The Grievance Review Board shall consist of the following:

1. Municipal counselor or his designate (serves as permanent Chairman)

2. Four (4) Employee Members (non-supervisory, elected by employees)

3. Finance Director (member)

4. Personnel Director (non-voting member and also serves as Secretary)

collective bargaining agreement, sought review of his discharge. In accordance with these procedures, he received a hearing before the Union Grievance Committee and the Grievance Review Board. The decision to discharge Voss was upheld by the City Manager, whose decision under the Oklahoma City Employees Grievance Procedure was final. Subsequently, he instituted an action in the district court for breach of the contract of employment between the City and the International Association of Firefighters, Local 1524.

The matter was tried to a jury which returned a $20,978.00 verdict for Voss. The City filed a motion for judgment notwithstanding the verdict. The City argued that the district court lacked subject matter jurisdiction because the collective bargaining agreement contained negotiated grievance procedures which constituted the firefighters exclusive, final, and binding remedy. The motion was sustained.

## I

■ Arbitration is the referral of a dispute by the voluntary agreement of the parties to one or more impartial arbitrators for a final and binding decision as a determination of their dispute. An arbitration award is made on the basis of evidence and argument presented by the parties who agree in advance to accept the decision of the arbitrator as final and binding.[3] An award which is within the scope of the arbitration agreement is as binding as was the agreement authorizing it. In some instances, it is as binding as a judgment of a court. A labor arbitrator is usually selected because the parties have confidence in his impartiality, knowledge, and personal judgment. The arbitrator is a part of a system of self–government which the parties have created. Parties are relatively free to select individuals as arbitrators although certain minimum standards of knowledge, impartiality and moral character are required which tend to equate a private arbitrator with a public judge.[4] The United States Supreme Court in *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301, 305 held that courts should be even more scrupulous to safeguard the impartiality of arbitrators than judges, because arbitrators are completely free to decide the law and determine the facts and are not subject to appellate review.

■ The fundamental purpose of arbitration is to preclude court intervention into the merits of disputes when arbitration has been provided for contractually. The basis for the institution of an arbitration proceeding may be either an agreement which provides for arbitration of future controver-

5. A representative of the City Manager's Office.
Board members shall not serve in a review capacity in grievances concerning employees under their supervision. In the event that a grievance from an employee under a Board member's supervision or from the same Division of a Department, or if a Board member is on the staff of the Department Head or the Division Head, the City Manager shall appoint a replacement for that hearing only. (revised 8–11–70)
The Board shall review grievances and the Secretary shall provide those concerned with its conclusion within five (5) working days. The Board shall review grievances, receive testimony and evidence of the parties and provide a report of its findings and recommendations to the City Manager. The Review Board's conclusion and decision, as approved by the City Manager, shall have the power of affirmation, denial or modification of the decision of the Appointing Authority.

"Step 5. An employee not satisfied with the Step 4 decision may request the Personnel Director to submit his grievance within three (3) working days to the City Manager. The City Manager may affirm, deny, or modify the decision of the Review Board within five (5) working days from the appeal. The City Manager's decision shall be final."

3. Arbitration was unlawful at common law. An agreement to submit a future controversy to binding arbitration is viewed as void at common law. The common law does not apply in this cause because of a specific legislative sanction.

4. K. Seide, *A Dictionary Of Arbitration And Its Terms*, pp. 27, 35 (Oceana Publications, Inc. 1970).
Some selection processes are determined by statute. For example, see 11 O.S.Supp.1978, § 51–107, formerly 11 O.S.1971, § 548.8.

sies or for submission of existing controversies. An agreement for the submission of an issue to arbitrators is a prerequisite to the commencement of a valid arbitration agreement.[5] Where arbitration has been contracted for it constitutes a substantive and mandatory right. There cannot be a valid arbitration or award without a binding submission to arbitration or an impartial arbitrator.[6]

Courts generally favor arbitration statutes and collective bargaining agreements because they provide substantial justice by an immediate and speedy resolution with a minimum of court interference.[7] The function of the court is generally limited to ascertaining whether the party is making a claim which is governed by the contract when the parties have agreed to submit all questions of contract interpretation to an arbitrator. The Steelworkers Trilogy decisions[8] simultaneously determined by the United States Supreme Court held that courts are limited to determining whether: 1) there is a collective bargaining agreement in existence; 2) there is an arbitration clause; and 3) if there is an allegation that a provision of the agreement has been violated. If the arbitration clause is broad enough to include the alleged dispute, arbitration must be ordered. If the arbitrator stays within the submission and makes an award within the authority established by the contract, the award must be enforced.[9]

A similar situation was presented in *City of Midwest City v. Harris*, 561 P.2d 1357, 1359 (Okl.1977). This Court in interpreting

11 O.S.1971, § 584.12 [presently codified as 11 O.S.Supp.1977 § 51–111][10] determined pursuant to the statute a collective bargaining agreement between the City and the Fraternal Order of Police should contain the procedure for required arbitration. The Court held that: the district court lacked jurisdiction; arbitration was required; and the opinion of the arbitrators was binding and final on both parties.

The statutory language expresses a clear legislative intent that any disputes arising from the interpretation or application of the binding collective bargaining agreement shall have an immediate and speedy resolution by required arbitration. The Oklahoma City Employees Grievance Procedure was specifically incorporated into the collective bargaining agreement reached between the City and the firefighters. The collective bargaining agreement limited the employee to the rights and remedies specified therein. The grievance provisions of the collective bargaining agreement controlled the procedure to be followed in the settlement of grievances. Voss had a full hearing before the Union Grievance Committee and the Oklahoma City Employees Grievance Review Board. His grievance was denied by two entirely separate grievance boards and by the City Manager. The firefighter was accorded every grievance remedy provided by the collective bargaining agreement and the City Personnel Grievance Review Board. The Union waived the rights of the employee to

5. *Lane–Tahoe, Inc. v. Kindred Constr. Co.*, 91 Nev. 385, 536 P.2d 491, 73 A.L.R.3d 1035 (1975).

6. *People v. Lindsey*, 86 Colo. 458, 283 P. 539 (1929).

7. *Midwest City v. Harris*, 561 P.2d 1357, 1359 (Okl.1977).

8. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

9. See also: Annot., "Validity And Construction Of Statutes Or Ordinances Providing For Arbitration Of Labor Disputes Involving Public Employees," 68 A.L.R.3d 885, 942 (1976).

10. It is provided by 11 O.S.Supp.1978 § 51–111 in pertinent part:
"... In the absence of such negotiated procedure such dispute may be submitted to arbitration in accordance with the provisions of Sections 51–107 through 51–110 of this title, except that the arbitration board shall be convened within ten (10) days after demand therefor by the bargaining agent upon the corporate authority or authorities. In such case the arbitration board's determination shall be final."

proceed in district court by the adoption of the collective bargaining agreement.

■ There was no allegation raised either at the trial court or on appeal that the arbitrator acted in excess of his authority. Unless some improper discrimination against the individual is inherent in the system or is likely to be brought to bear against him in the particular case by the employer or the union through control of the procedure,[11] the grievance procedure delineated in a collective bargaining agreement should be regarded as the exclusive method of adjusting grievances.

AFFIRMED.

LAVENDER, C. J., and WILLIAMS, BARNES and OPALA, JJ., concur.

IRWIN, V. C. J., concurs in result.

SIMMS, DOOLIN and HARGRAVE, JJ., dissenting.

DOOLIN, Justice, dissenting:

The City of Oklahoma City (City) terminated plaintiff's employment as a firefighter. Pursuant to certain Oklahoma City Employees Grievances Procedures contained in an union collective bargaining agreement, plaintiff sought review of his discharge. In accordance with these procedures plaintiff received a hearing before the Union Grievance Committee and the Grievance Review Board. The decision to uphold his termination was affirmed by the City Manager. Plaintiff then instituted the present action in district court for breach of his contract of employment, namely the contract between City and the International Association of Firefighters, Local 1524 (Union).

The case was tried to a jury who returned a verdict in favor of plaintiff for $20,978.00. City filed a motion for judgment notwithstanding the verdict, arguing, district court had no subject matter jurisdiction over the controversy. This motion was sustained and plaintiff appeals.

The City did not move for a directed verdict at the close of the evidence, a prerequisite for an evidentiary review by motion notwithstanding the verdict.[1] Thus only jurisdiction of the trial court and not evidence was challenged by the motion for judgment notwithstanding the verdict:

"The question of whether or not the (plaintiff's) motion for judgment notwithstanding the verdict should have been sustained depends upon whether or not her motion for a directed verdict, made at the close of all of the evidence, should have been granted." *McInturff v. Oklahoma Natural Gas Transmission Company*, 475 P.2d 160 (Okl.1970).

12 O.S.1971 Supp. § 698:

"When a motion for a directed verdict which was made at the close of all of the evidence should have been granted, the court shall, at the request of the moving party, render judgment in his favor though a verdict has been found against him ..."

The contract between City and Union incorporated the grievance procedures. City did not argue plaintiff failed to exhaust his administration remedies,[2] only that the administrative decision is final and may not be attacked in district court.

It is true the grievance procedures provide a remedy to an aggrieved employee dismissed, in his opinion, without cause, and that an affirmance by the City Manager is final. Plaintiff's petition however, sought damages for breach of contract. City supports its claim challenging jurisdiction by citing *City of Midwest City v. Harris*, 561 P.2d 1357 (Okl.1977). That case involved a writ granted by this court prohibiting further proceedings in trial court wherein firefighter's union sought a declaratory judgment interpreting a collective bargaining

---

11. *Brooks v. New Jersey Manufacturers Ins. Co.*, 170 N.J.Super. 20, 405 A.2d 466, 471 (1979); *Donnelly v. United Fruit Co.*, 40 N.J. 61, 190 A.2d 825 (1963).

1. *Fuhring v. Chicago R.I. & P. Ry. Co.*, 97 Okl. 43, 222 P. 690 (1924) and *Nelson v. Texas Incorporated*, 525 P.2d 1263 (Okl.App.1974).

2. *Martin v. Harrah Independent School District*, 543 P.2d 1370 (Okl.1976).

agreement. This court held because petitioner failed to pursue its exclusive remedy of arbitration the district court had no jurisdiction under the statutory procedure of 11 O.S.1971 § 548.1 et seq., presently 11 O.S.1977 Supp. § 51–101 et seq. It was not a breach of contract suit. When the employee in the *Midwest City* case didn't follow grievances procedures he had no suit in district court.

The district court does have subject matter jurisdiction over an alleged breach of an employment contract. Whether the petition states a cause of action or if the contract was indeed violated are not ordinarily jurisdictional issues.

The sole question before us and the trial court is that of jurisdiction of the subject matter, breach of contract. City can submit no cases involving lack of jurisdiction in district court to hear plaintiff's breach of contract suit.

One other point: the majority interprets *Harris* as ruling "the district court lacked jurisdiction". This is too simplified and may be subject to some misinterpretation. *Harris* says the district court only lacked jurisdiction at that point in time because the plaintiff failed to exhaust his administrative remedies. Arbitration was first required. There should be no question that the district court has jurisdiction of the subject matter in question in the instant case, breach of contract.

Trial court erred in granting judgment notwithstanding the verdict based on lack of jurisdiction.

I am authorized to state that Justice Simms and Justice Hargrave concur in the views herein expressed.