OSCN Found Document:AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES v. CITY OF NORMAN

 

 
 

 
 AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES v. CITY OF NORMAN
2019 OK 35
Case Number: 114640
Decided: 05/14/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 35, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, LOCAL 2875, ROBERT GREEN, Plaintiffs/Appellants,
and
William Fox, Plaintiff,
v.
CITY OF NORMAN, OKLAHOMA, a municipal corporation, Defendant/Appellee.
ON WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III
Â¶0 Robert Green, a member of his local union, was discharged from his job with the City of Norman, Oklahoma (City). Green appealed the decision and this matter was ultimately presented to an arbitrator for a determination. Arbitrator determined there was no "just cause" for discipline and he ordered reinstatement of Green's employment. The union filed a petition in district court to enforce the arbitration award. City filed a cross petition asking the district court to vacate the arbitration award. Both parties sought summary relief from the district court. The district court denied relief to Green and granted summary judgment in favor of City. The district court held the arbitrator exceeded his authority under the collective bargaining agreement and vacated the arbitrator's opinion and award. Green and the union filed a Petition in Error; the Court of Civil Appeals affirmed the district court's grant of summary judgment to City but remanded the matter for the arbitrator to resolve the issue of progressive discipline. Green and the union sought certiorari relief from this Court. We hold the arbitrator acted within the scope of his authority under the terms of the CBA when determining whether the City had "just cause" to discipline Green. We vacate the opinion of the Court of Civil Appeals, we reverse the ruling of the district court and remand this matter for proceedings consistent with this opinion.
CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT IS REVERSED AND REMANDED.
Douglas D. Vernier, Moore & Leaman, Oklahoma City, Oklahoma, for Appellants,
Kathryn D. Terry, Phillips Murrah, Oklahoma City, Oklahoma, for Appellees.
OPINION
EDMONDSON, J.
Â¶1 Appellants, American Federation of State, County and Municipal Employees, Local 2875 (Union), and Robert Green (Green),
[1] seek certiorari relief from the Court of Civil Appeals' (COCA) opinion affirming the trial court's grant of summary judgment in favor of the City of Norman and reversing an arbitration award in favor of Green and Union.
Â¶2 On certiorari, Union and Green assert the following reasons in support of the review of the Court of Civil Appeals' decision: (1) COCA decided a question of substance in a way not in accord with applicable decisions of this Court because (a) COCA found the grievance only raised the issue of progressive discipline and it did not raise the issue of "just cause" for discipline and (b) COCA found the arbitrator exceeded his authority when he found that the term "progressive discipline" contained in Article 12, Section 1 of the CBA, is not inconsistent with "just cause" and the two concepts are intertwined; (2) the courts below have so far departed from the accepted and usual course of judicial proceedings as to call for the exercise of this Court's power of supervision as follows: (a) by applying 12 O.S. 2011, Â§ 1874(A)(4), the Uniform Arbitration Act, which specifically does not apply to arbitrations arising from a collective bargaining agreement, 12 O.S. 2011 Â§ 1855(D) and (b) by applying a standard borrowed from the Sixth Circuit by the court in Fraternal Order of Police, Lodge 142 v. City of Perkins, 2006 OK CIV APP 122, 146 P.3d 829; the 6th Circuit has since vacated the opinion relied on by the Court of Civil Appeals, see Michigan Family Resources, Inc., v. Service Employees Int'l. Union Local 517M, 475 F.3d 746 (6th Cir. 2007).
Â¶3 City responded that this Court should decline review of this matter because the district court and COCA's finding that the arbitrator far exceeded the grant of authority pursuant to the CBA was correct as a matter of fact and law. Appellee also argued that (1) COCA's opinion is in accord with the decisions of this Court and (2) that COCA did not depart from the usual course of judicial proceedings. City also argued, as it had below, that Green failed to raise the issue of "just cause" as it related to his termination, and thus, this issue was not within the scope of the arbitrator's review.
FACTS AND PROCEDURAL HISTORY
Â¶4 Union and Appellee, City of Norman (City) are parties to a Collective Bargaining Agreement (CBA) effective July 1, 2012 through June 30, 2013. The purpose of the CBA was for "the promotion of harmonious relationships between the City and the Union, the establishment of an equitable and peaceful procedure for the resolution of differences...."
[2] The parties contractually agreed to the following process for filing grievances and to determine the scope of the arbitrator's authority:
Authority of the Arbitrator - The arbitrator shall only consider and make a decision with respect to the specific issue or action being appealed to him or her in the grievance(s), and the arbitrator shall have no right or authority to make a decision concerning any other actions or issues.... This decision shall be based solely upon the arbitrator's interpretation of the meaning and application of the express provisions of this Agreement as such relates to the facts of the grievance as presented.
[3]
Under the CBA, the arbitrator has the sole authority to receive the evidence and interpret the meaning of the factual information as it relates to relevant portions of the CBA.
Â¶5 In spite of this absolute grant of authority to the arbitrator, City successfully argued below that the arbitrator acted outside of his scope by deciding that City did not have "just cause" to terminate Green. The crux of City's contention was that Green's failure to include the words "just cause" in his grievance, was a fatal flaw. Accordingly, City argued, arbitrator's decision in this regard could not be considered a "specific issue or action being appealed." Thus, arbitrator's decision in this regard was outside the scope of his authority under the CBA. This narrow focus distorts the actual evidence by ignoring critical information in the official grievance. In addition, the City, district court and COCA neglected to consider key portions of the CBA which define the parameters for the submission of a grievance as well as the extent of deference given to the arbitrator as the sole decision maker.
Â¶6 The United States Supreme Court has made clear that courts have no business overruling an arbitrator's decision "because their interpretation of the contract is different from his." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960). Otherwise, "settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." Id. at 596, 80 S.Ct. at 1360.
Â¶7 Almost forty years ago, Oklahoma adopted the principles set forth in Enterprise Wheel, noting that an arbitration award must be enforced if the arbitrator stays within the submission of issues and makes an award within the authority granted in the agreement. Voss v. City of Okla. City, 1980 OK 148, Â¶ 6, 618 P.2d 925, 928. More recently, we again announced that the arbitrator is entitled to great deference with respect to the decision and "we will not review the factual or legal findings of the arbitrator nor consider the merits of the award." City of Yukon v. International Ass'n of Firefighters, Local 2055, 1990 OK 48, Â¶ 8, 792 P.2d 1176, 1179 (citations omitted). In fact, "this Court may only consider whether the arbitrator's decision 'draws its essence from the collective bargaining agreement.'" Id. It is with this lens that the CBA must be reviewed to determine if the arbitrator in this matter has acted within the scope of the CBA. This Court's inquiry is narrow; it is not to re-examine the evidence below and determine whether the arbitrator made a correct decision.
Â¶8 On April 2, 2014, City terminated long term employee Green, alleging that he routinely and frequently took excessive rest and lunch breaks, failed to perform work, and then falsified his time records by not reflecting the extended breaks. City alleged these acts violated the City of Norman policy, as well as the CBA. Green disputed the grounds for his discharge. Green and Union filed a grievance challenging the termination. City denied the grievance.
Â¶9 City successfully argued at the trial court and also before the Court of Civil Appeals, that Union's failure to include the specific words "just cause" in the grievance prevented the arbitrator from rendering a decision in this regard. Instead, City urged that the only issue properly before the arbitrator was the issue of progressive discipline. City's over-simplification not only ignores the plain language of the CBA directing the content and manner in which a grievance is filed, but also the actual language of the grievance as submitted.
Grievable Issues
Â¶10 The CBA specifically allows a Union member like Green to file a grievance that includes the interpretation and application of provisions within the CBA. The CBA outlines "the issues and actions which shall be considered and treated as grievable"
[4] which include the following:
a. Issues - An issue which involves either of the following: (1) The meaning, interpretation or application of the express provisions of this Agreement; or (2) The application of the rules and regulations established and enforced by the City. (Emphasis added)
****
c. Disciplinary Actions - Any of the following disciplinary actions: (1) the oral reprimand or written reprimand of an employee; (2) The suspension or pending suspension of an employee; (3) The involuntary demotion or pending demotion of an employee, but excluding any such demotion which occurs in conjunction with the bumping procedure; (4) The discharge of an employee. [5]
On the line where Green was to "list applicable violation," Union and Green specifically identified Article 12, Section 1, as the section at issue. The first sentence of this Article 12, Section 1 states: "The City may discipline any employee for just cause."
[6]
Official Grievance as Submitted by Union 
Â¶11 The CBA outlines the following directions for filing a grievance:
No grievance shall be processed through the various Grievance Steps unless it is submitted to the Human Resources Department on the approved "Grievance Form," and unless it is properly completed, signed and dated by the aggrieved employee or group of employees. In this regard, the "Grievance Form" must contain a statement of the grievant's complaint, the appropriate grievance number, the Section(s) of the Agreement allegedly violated, the date of the alleged violation, and the relief or remedy sought. However, an incorrect date and/or improper Section citation shall not in itself be grounds for denial of the grievance. 
In the event that it is necessary for the Human Resources Director to work with the employee, the group of employees, and/or the Union to clarify the grievance as stated on the "Grievance Form," and/or necessary for the employee, the group of employees, and/or the Union to correct and resubmit the "Grievance Form," such additional time as my be required for this shall not be counted towards the time limits established for the various Grievance steps.
If a grievance is not submitted in the manner set forth above, it shall be considered "waived."[7]
The "Official Grievance Form" consists of a one page document, with approximately 1/4 of this form dedicated to providing the "Statement of Grievance." Within this section are two headings: "List applicable violation" and "Adjustment required". [8] This form is required to be used for all grievance submissions.
Â¶12 In the matter before us, the official grievance as filed by Union stated as
follows:

STATEMENT OF GRIEVANCE:
List applicable violation: ART. 12, SEC 1; NO PREVIOUS DISCIPLINE IN THE PAST 5 YEARS; MR. GREEN HAS BEEN EMPLOYED WITH THE CITY FOR OVER 30 YEARS.
_______________________________________________________
Adjustment required: FOLLOW PROGRESSIVE DISCIPLINE.
[9]
Â¶13 It is undisputed, Union listed in its official "Statement of Grievance" that City had violated Art. 12, Sec.1. This section states as follows:

ARTICLE 12
DISCIPLINARY ACTIONS
Section 1. Types of Disciplinary Actions- The City may discipline for just cause. In this regard, employees who violate the established rules and regulations of the City, are negligent in the performance of their duties or the use of City equipment or vehicles, are insubordinate, or are otherwise involved in similar acts of misfeasance (performance of authorized tasks, duties and responsibilities in an improper or negligent manner), malfeasance (performance of an unauthorized or unlawful act), or nonfeasance (failure to perform required tasks and duties, or to carry out assigned responsibilities) which reflect discredit upon the municipal service or are a direct hindrance to the effective performance of the municipal government functions, shall be subject to having disciplinary actions or measures taken against them.
The City agrees with the concept of progressive disciplinary action and, to the extent circumstances warrant such, the City shall impose disciplinary actions in a progressive manner, In this regard, however, the City and the Union also understand that each infraction giving rise to disciplinary action must be judged accordingly, and that consequently a major or particularly serious infraction or a series of repeated infractions, may warrant the imposition of a more severe disciplinary action, including discharge. Likewise, the weight to be given prior recorded disciplinary actions is reduced by a reasonable passage of time without further disciplinary actions.
[10]
The very first violation listed by Union on the Official Grievance Form was, Article 12, Section 1. This section uses the very words "just cause" as the basis for any disciplinary action. The record before us belies City's argument that Union and Green failed to raise the issue of "just cause."
Â¶14 After City denied the grievance, the matter progressed to an arbitration hearing. Following the hearing, on November 24, 2014, the arbitrator issued an Opinion and Award finding that the City did not have "just cause" to terminate Green's employment and ordered reinstatement. The issues before this Court on certiorari relate to the following portion of the arbitrator's decision:

VII. AWARDS
For all the reasons set forth and discussed above, which all are encouraged to read with care, it is the Award of the undersigned Arbitrator that the grievances of Bill Fox and Bobby Green are SUSTAINED. The City did not have just cause to discharge these grievants; they had done nothing wrong.
As remedy, Green and Fox are to be immediately reinstated to their former employment with the City, and made abundantly whole with respect to back pay, including lost overtime, and all contractually related benefits to which they are entitled, including seniority. Given the circumstances, there is to be no offset to the award of back pay. It is further ordered that this entire matter be purged from all records of their employment and is not to be used in any manner against them in the future.
[11]
The arbitrator also determined the City's actions against Green were wholly unfounded and noted in his opinion that the real reason Green was terminated was because of whistle blowing. Arbitrator received evidence from terminated employees and other witnesses from management. He then concluded that the investigation against Green was initiated after Green had reported suspected misconduct by his supervisor, calling Green a whistle blower. Arbitrator found no evidence to support any misconduct by Green and found no basis for his discharge. Instead, arbitrator found that "the City's prolonged 'investigation' was nothing more than a preconceived lynching of Green and Fox.... The Union's conclusion that 'Management's fault in the matter runs high,' understates the City's duplicity."
[12] The arbitrator also awarded punitive damages against the City "plus all legal fees to the Local Union 2875 for prosecution of the grievances."[13]
Â¶15 On February 24, 2015, Union and Green filed a Petition in district court, and requested "judgment against Defendant, enforcing the Arbitration Award in all respects, except punitive damages, and ordering Defendant to comply with the Award, plus interest, and awarding Plaintiffs' attorney fees and costs of this action."
[14] City filed a counter petition asking the court to vacate the arbitrator's opinion. City argued that the arbitrator had exceeded his grant of authority under the CBA because he rendered a decision that involved an analysis of "just cause" for termination. City argued Union and Green did not use the words "just cause" in the Official Grievance form, thus any consideration of this issue by the arbitrator was outside the scope of the authority granted in the CBA. City urged that the only issue preserved by Green was the listed remedy of "progressive discipline."
Â¶16 Green and Union filed a motion for partial summary judgment, asking the district court to render a ruling on the enforcement of the arbitration award as it relates to the reinstatement of employment of Green. Union did not request a ruling on attorney fees in its partial summary relief motion. Thus, there is no ruling or issue relating to attorney fees before this Court on certiorari.
Â¶17 The district court denied Union and Green's motion for partial summary relief and granted City's motion for summary judgment and vacated the arbitrator's award. The district court after reviewing the testimony and evidence presented held:
1. An arbitration award is only legitimate if it "draws its essence from the collective bargaining agreement." If the arbitrator's words manifest an infidelity to this duty, the reviewing court has no choice but to refuse to enforce the award. The Sixth Circuit has stated an arbitrator's award does not draw its essence from the CBA when it:

1. conflicts with express terms of the collective bargaining agreement;
2. imposes additional requirements that are not expressly provided in the agreement;
3. is without rational support or cannot be rationally derived from the terms of the agreement; or 4. is based on general considerations of fairness and equity instead of the precise terms of the agreement. Cement Divisions, National Gypsum Co. v. United Steelworkers of America, 793 F.2d 759, 766 (6th Cir. 1986). 

2. In the present case, the Collective Bargaining Agreement (CBA) specifically addresses the arbitrator's authority. The CBA states "[t]he arbitrator shall only consider and make a decision with respect to the specific issue or action being appealed to him or her in the grievance(s), and the arbitrator shall have no right or authority to make a decision concerning any other actions or issues. CBA p. 13.
3. The CBA further states that grievances must contain a statement of the complaint and the relief or remedy sought. The grievance at issue in this matter states Robert Green has not been disciplined in the past five (5) years and Mr. Green has been employed with the City of Norman (City) for over thirty 30 years. (Official Grievance Form, Robert Green). Further, in the "adjustment required" section, Mr. Green requested the City "follow progressive discipline." Id. As such, the Court finds the authority of the arbitrator in this matter, Mr. Bankston, was limited to the issue of progressive discipline.
4. Mr. Bankston did not limit his analysis and decision making to the issue of progressive discipline. Rather, Mr. Bankston analyzed whether the City had just cause to terminate Mr. Green and Mr. Fox. See, Arbitration Opinion and Award of E.W. Bankston, Arbitrator, issued November 24, 2014, pg. 3. Mr. Bankston's Arbitration Opinion and Award (Opinion and Award) states "just cause is always at issue in matters of discipline. First, the City must prove that the cause of the disciplinary sanction is just. Only then is the application of progressive discipline at issue." Id. at 18. As a result, Mr. Bankston did not address the issue of progressive discipline.
5. Based upon the language of the CBA referenced above as well as the grievances filed by Mr. Green and Mr. Fox, the Court finds the Opinion and Award issued by Mr. Bankston conflicts with the express terms of the CBA. The Court believes it is clear that the only issue that should have been addressed by Mr. Bankston was progressive discipline. Therefore, the Court finds that by addressing the issue of just cause and basing the award on the same, Mr. Bankston exceeded his authority as arbitrator. As such, the Opinion and Award does not draw its essence from the CBA. Consequently, the Opinion and Award must be vacated.
[15] 
Â¶18 Following the trial court's ruling, Green filed a Petition in Error urging the trial court erred both in fact and law when it vacated the arbitrator's decision. COCA affirmed the trial court but remanded the matter back to the trial court with instructions to remit this matter to the arbitrator to resolve the issue of progressive discipline. We hold the arbitrator acted in accordance with the terms of the CBA and we vacate the Court of Civil Appeals' opinion, and reverse the trial court's judgment.
STANDARD OF REVIEW
Â¶19 This Court has adopted the review standard set forth by the U.S. Supreme Court in the Steelworkers Trilogy,
[16] which affords "great deference to the decision of the arbitrator; we will not review the factual or legal findings of the arbitrator nor consider the merits of the award. City of Yukon, supra. 1990 OK 48, at Â¶ 8, 792 P.2d at 1179 (citations omitted).
LEGAL ANALYSIS
Â¶20 The U.S. Supreme Court has continued to refine the standard of review in the enforcement of arbitration awards rendered under a collective bargaining agreement. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Relying on the foundation of the Steelworkers Trilogy, Misco reminded litigants that the courts have a very limited role when the losing party in an arbitration proceeding seeks judicial intervention. Id. at 36, 108 S.Ct. at 364. COCA affirmed "the trial court's determination that the arbitrator exceeded his powers under the CBA when he made findings of fact and conclusions regarding the issue of 'just cause.'"
[17] In order to clarify whether an award "draws its essence from the contract" or whether it impermissibly reflects the "arbitrator's own notions of industrial justice," Misco offers this guidance: "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. at 38, 108 S.Ct. at 364. However, arbitral decisions procured by fraud or through the arbitrator's dishonesty are not enforceable. Id. at 38, 108 S.Ct. at 371. There are no allegations or evidence of fraud or dishonesty in the matter before us. Thus, the focus of our inquiry will be whether the arbitrator was arguably construing or applying the contract and acting within his scope of authority. 
Â¶21 This approach honors the purpose of arbitration "to preclude court intervention into the merits of disputes when arbitration has been provided for contractually." Voss, supra., 1980 OK 148, Â¶ 5, 618 P.2d at 927. The teachings of Misco have been adopted by this Court, that the courts are not authorized to reconsider the merits of an award, even with allegations of errors of fact or misinterpretation of the contract. City of Yukon, supra. 1990 OK 48, Â¶ 8, 792 P.2d at 1179.
Â¶22 It is not for this Court to weigh the evidence below to determine whether: (1) the arbitrator's decision is supported by the facts, (2) the arbitrator correctly interpreted the contract, or (3) the arbitrator correctly applied the facts to the provisions of the contract. The lens of our review is restricted to whether the arbitrator, in formulating the Opinion and Award at issue, was arguably construing or applying the contract and acting within the scope of his authority therein. City of Yukon, Id.
Â¶23 We begin with examining the CBA and the grant of authority given to the arbitrator. The section of the CBA labeled "Authority of the Arbitrator" clearly provides that the arbitrator's decision shall be based solely upon the arbitrator's interpretation of the meaning and application of the express provisions of this Agreement as such relates to the facts of the grievance as presented.
[18] As noted by City, trial court and COCA, the arbitrator is limited and "shall only consider and make a decision with respect to the specific issue or action being appealed to him or her in the grievance(s), and the arbitrator shall have no right or authority to make a decision concerning any other action or issues."[19] There is no question from the CBA that the arbitrator is the sole decision maker upon receiving evidence and analyzing within the provisions of the CBA. The arbitrator's decision is limited to the actions or issues listed in the grievance.
Â¶24 Next we examine the grievance as submitted by Union and Green to determine whether the issue of "just cause" is an issue listed within the grievance and thus, within the scope of the arbitrator's authority. Beside the heading, "List applicable violation,", the very first provision listed is Article 12, Section 1. As noted herein, the very first sentence of this CBA provision states: "The City may discipline for just cause." Thus, this is the section within the CBA that includes a discussion of just cause. The CBA outlines that an "issue" includes "the meaning, interpretation or application of the express provisions"
[20] of the CBA. The CBA further directs that the "Grievance Form" must contain the "Section(s) of the Agreement allegedly violated"[21] and the relief sought.
Â¶25 The submitted grievance lists the section alleged as being violated, Article 12, Section 1. As previously noted, the very first sentence of Article 12, Section 1, provides that "the City may discipline for just cause."
[22] We agree with Misco, that the focus of the our inquiry is to determine whether the arbitrator was arguably construing or applying the contract and acting within his scope of authority[23] in deciding that the City did not have "just cause" to terminate Green. Stating the question differently, was the arbitrator acting within the scope of his authority when he examined the very provision of the CBA listed by grievants, Article 12, Section 1, which makes "just cause" the premise for any disciplinary action? Before answering this question, we are reminded that under the CBA, the arbitrator was given the sole authority to serve as the decision maker "with respect to the specific issue or action being appealed to him or her in the grievance(s)." The arbitrator examined the section listed in the grievance, analyzed it with respect to the evidence and rendered a decision. It is elementary that it is within the scope of authority for the arbitrator to examine the very provision of the CBA listed in the grievance. Arbitrator was clearly "arguably acting within the scope of authority," when examining Article 12, Section 1, and rendering a decision that included an analysis of whether City had "just cause" to discipline Green. We hold that under the facts presented, the arbitrator was acting within the scope of his authority when deciding the issue whether City had "just cause" to terminate the employment of Green. In accordance with the terms of the CBA, the arbitrator's decision is final and binding in this regard.
Â¶26 It was also error for COCA to affirm the district court's decision relying on the four-part test set forth in Cement Divisions., Nat. Gypsum Co. (Huron) v. United Steelworkers of America, AFL-CIO-CLC, Local 135, 793 F.2d 759 (6th Cir. 1986). This four part test was specifically overruled in 2007 when the 6th Circuit determined that the four part test was not in accordance with the guidance of the U.S. Supreme Court. Michigan Family Resources, Inc., v. Service Employees Intern. Union Local 517M, 475 F.3d 746 (6th Cir. 2007). Michigan Family relied on the pronouncements of United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) and Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001).
[24] Relying on the pronouncements of Misco, the Michigan Family court instead posed the following questions: (1) did the arbitrator act outside his authority by resolving a dispute not committed to arbitration, (2) did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award, or (3) in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract?" Michigan Family, 475 F.3d at 753.
Â¶27 The opinion of the Court of Civil Appeals is vacated and the judgment of the district court is reversed. We remand for proceedings consistent with this opinion.
CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT IS REVERSED AND REMANDED
GURICH, C.J., DARBY, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, and COMBS, JJ., concur.
FOOTNOTES
[1] Plaintiff William Fox and the City of Norman reached an agreement resolving the arbitration award with respect to Fox's interests and therefore Fox is not a party to this appeal.
[2] Record, Tab 2, B, Agreement Between The City of Norman, Oklahoma and American Federation of State, County, and Municipal Employees Local No. 2875, (CBA), Preamble, p. 1.
[3] Id., Article 7, Section 8 (d), Authority of Arbitrator, p. 13.
[4] Id., Article 7, Section 1 (a), (c), pp. 5-6.
[5] Id.
[6] Id., Article 12, Section 1, p. 23
[7] Id., Article 7, Section 5, (a)-(b), Grievance Filing Requirement and Procedure, Record, pp. 8-9.
[8] Id., App. D, Official Grievance Form.
[9] Record, Tab 6, Defendant's Response and Objection to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment and Brief in Support, Exhibit 1, AFSCME, Official Grievance Form.
[10] Record, Tab 2 (B), CBA, Article 12, Disciplinary Actions, p. 23
[11] Record, tab 2, C, Opinion and Award of Ed W. Bankston, Arbitrator, In a Matter of Dispute Between: City of Norman, Oklahoma and American Federation of State, County and Municipal Employees, Local 2875, dated 11-24-14, p.46.
[12] Id. at p. 45.
[13] Id.
[14] Record, tab 2, Petition to Enforce Arbitration Award.
[15] Record, Tab 11, Ruling on Plaintiffs' Partial Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment.
[16] United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), (questions regarding whether a collective bargaining agreement requires a dispute to be resolved through arbitration, "[d]oubts should be resolved in favor of coverage," and an order to arbitrate should not be denied unless there it is clear that the arbitration clause does not cover the asserted dispute. Id. at 582-83, 80 S.Ct. at 1347; United Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432 (1960), (where the collective bargaining agreement directs contract disputes to arbitration, questions of contract interpretation are for the arbitrator. Id. at 568, 80 S.Ct. at 1363. The Court noted that courts "have no business weighing the merits of the grievance, considering whether there is equity in a particular claim...." Id.; United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), (the Court examined the role of the federal courts in enforcing arbitration awards).
[17] American Federation of State, County and Municipal Employees, Local 2875, Robert Green, Plaintiffs/Appellants, and William Fox, Plaintiff, vs. City of Norman, Oklahoma, a Municipal Corporation, Defendant/Appellee, Case No. 114,640, Opinion from the Court of Civil Appeals.
[18] Record, Tab 2, B, CBA, Article 7, Section 8 (d), p. 13.
[19] Id.
[20] Id., Article 7, Section 1, Issues and Actions Subject to Grievance, p. 5.
[21] Id., Article 7, Section 5, Grievance Filing Requirement and Procedure, p. 8.
[22] Id., Article 12, Disciplinary Actions, p. 23.
[23] Misco, supra. 484 U.S. at 38, 108 S.Ct. at 364.
[24] See also, Eastern Associated Coal Corp. v. Mine Workers, 531 U.S. 57, 62, 121 S.Ct. 462, 466, 148 L.Ed.2d 354, reiterating that even when a court is convinced the arbitrator committed serious error, this alone does not suffice to overturn an honest arbitrator's decision; Garvey, supra., 532 U.S. at 509, 121 S.Ct. at 1728, judicial review is limited in an arbitration decision and courts are not authorized to review decision even with allegations of factual errors or misinterpreting the collective bargaining agreement.