The CITY OF MIDWEST CITY, Oklahoma, and Jerry Wade, City Manager of the City of Midwest City, Oklahoma, Petitioners,

v.

The Honorable Carmon C. HARRIS, Judge, and the Honorable Jack R. Parr, Judge, Respondents.

No. 50225.

Supreme Court of Oklahoma.

Jan. 18, 1977.

Edward H. Ferrish, Midwest City, for petitioners.

Jim Ikard, Oklahoma City, for respondents.

LAVENDER, Vice Chief Judge:

The City of Midwest City (City), as employer, and Fraternal Order of Police, Lodge # 127 (FOP), as the bargaining agent for the employee policemen of that city, entered into collective bargaining agreement dated May 11, 1976, under the "Firefighters' and Policemen's Arbitration Law." 11 O.S.1971, §§ 548.1 et seq.; 548.6. Thereafter and approximately September, 1976, a dispute arose between the parties as to the changing or modification of certain departmental regulations involving (1) use of police vehicles to transport officers to and from work; (2) grievance procedures for internal affairs; and (3) approval for outside employment.

September 22, 1976, FOP brought an action against the City in the District Court of Oklahoma County, seeking a declaratory judgment that the announced changes violated the agreement as to the preservation of prevailing rights in effect at the time of the collective bargaining agreement. Thereafter, upon motion of FOP, the trial court issued a temporary restraining order as to the transportation policy change.

By this original action, City asks this court to assume original jurisdiction and issue writ of prohibition against the trial court from proceeding further in the declaratory action and in enforcing the temporary restraining order.

Petitioner City argues FOP failed to pursue its exclusive remedy of arbitration with the district court having no jurisdiction. FOP, through the respondent trial judges, argues arbitration was not the sole remedy and the district court had jurisdiction, for arbitration was not binding on the City. We assume jurisdiction and grant the writ of prohibition.

This controversy comes after the collective bargaining agreement has been adopted by both parties, the City and the FOP. It is binding on each of them. Section 548.9 provides in part:

"* * * and if adopted the agreement shall be binding upon the bargaining agent and the corporate authorities."

The primary object of statutory construction is to ascertain the legislative intent. That intent is ascertained from the whole act in the light of the general purpose and object. *Adams v. Fry,* 204 Okl. 407, 230 P.2d 915, 917 (1951). Public policy of this "Firefighters' and Policemen's Arbitration Law" is expressly set out at § 548.2. This law seeks to accord to the permanent members of a police department all of the rights of labor, but protect the public health, safety and welfare by withdrawing from that labor force the right to strike or to engage in any work stoppage or slowdown. Particular language used in § 548.12 [1] expresses the clear legislative in-

---

1. 11 O.S.1971, § 548.12 reads in part:

"* * * Any collective bargaining agreement negotiated under the terms and provisions of this act shall specifically provide that the *firefighters or policemen who are subject to its terms shall have no right to engage in any work stoppage, slowdown or* strike, *the consideration for such provision being the right to a resolution of disputed questions.* * * * *Every such agreement shall contain a clause establishing mediation* and fact-finding procedures for *the immediate and speedy resolution and determination of any dispute which may arise involving the*

tent for any disputes arising from the interpretation or application of the binding agreement to have an "immediate and speedy resolution" by required mediation.

 Under § 548.12 the collective bargaining agreement should contain the procedure for this required mediation. That procedure should be negotiated and placed in the agreement. In the absence of agreed procedure, then the mediation *procedure* is that contained in §§ 548.8, .9, .10 and .11. "Where legislative intent is clear from the entire statute words may be altered, modified or supplied in order to afford the statute the force and effect intended." *Wray v. Oklahoma Alcoholic Beverage Control Bd.,* Okl., 442 P.2d 309 (1968).

It is the procedures, not the substantive law, of §§ 548.8, .9, .10, and .11 that is used by § 548.12. That section does not adopt that portion of § 548.9 which does not require the City to adopt the opinion of the arbitrators. That option relates only to the adoption of the original collective bargaining agreement. Section 548.12 provides "the arbitration board's determination shall be final." "The courts generally look with favor upon arbitration statutes and contracts as a shortcut to substantial justice with a minimum of court interference." *Association of Class. Teach. v. Independent S.D. # 89,* Okl., 540 P.2d 1171, 1176 (1975).

Here, there was absent, from the already adopted and binding collective bargaining agreement, the procedures for the required, binding and final mediation as to disputes arising from the interpretation or application of the agreement between the City and the FOP. The district court does not now have jurisdiction. Arbitration is required. Procedure, other than that provided by § 548.12, is under §§ 548.8, .9, .10, and .11 where applicable. The opinion of

*interpretation or application of any of the provisions of such agreement or the actions of any of the parties thereunder. In the absence of such negotiated procedure such dispute may be submitted to arbitration in accordance with the provisions of Sections 8, 9,*

the arbitrators shall be final and binding on both parties.

Jurisdiction assumed and writ of prohibition granted.

HODGES, C. J. and DAVISON, WILLIAMS, SIMMS and DOOLIN, JJ., concur.

IRWIN, and BERRY, JJ., concur in part and dissent in part.

BARNES, J., dissents.

10 and 11 hereof except that the arbitration board shall be convened within ten (10) days after demand therefor by the bargaining agent upon the corporate authority or authorities. *In such case the arbitration board's determination shall be final."*