CITIES AND TOWNS
A police officer who was not a member of a municipal police pension and retirement system for seven years due to the voluntary withdrawal of participation by his department by vote of the officer membership, may not claim those years as creditable service towards retirement on the basis of twenty years service because it was the intent of the legislature to maintain the actuarial soundness of the pension system, in part, by way of a mandatory minimum participation and contribution period. The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: May an officer who was not a member of a municipal police pension and retirement system for seven years, claim those years as creditable service toward retirement on the basis of twenty years service when the municipality discontinued its participation in the system for that period? You relate that from 1961-1968 the City of Idabel discontinued its participation in the police pension and retirement system pursuant to opinion of the Attorney General dated April 17, 1961. In that opinion the Attorney General was asked to determine if a municipality could discontinue its participation in the police pension and retirement system. It was held that a municipality could do so where none of its members at the time were eligible for system benefits and where the police officers requested permission to discontinue the system by a unanimous vote. This decision was based on the theory that insomuch as the pension and retirement system was established by ordinance, the system was subject to being abolished by an ordinance repealing the ordinance establishing the system. The procedure employed by the City of Idabel in 1961 has since been eliminated by the legislature amending 11 O.S. 541a [11-541a] in 1963 to prevent municipalities from disbanding any part of the pension and retirement system unless it was recommended by the Board of Trustees and a majority of the qualified electors assenting thereto at a general or special election. This provision has been reenacted in 11 O.S. 50-102 [11-50-102] (1977), thereby reinforcing an apparent overriding legislative policy of encouraging municipal participation and discouraging withdrawal. In addition to providing the services intended to be conferred upon its beneficiaries, the fundamental policy of any type of pension system is the maintenance of the actuarial soundness of the system. To accomplish this purpose, the police pension and retirement systems organized under Article 50 rely upon a legislatively determined minimum contribution schedule from the officer (11 O.S. 50-110 [11-50-110]) and an appropriation from the state (11 O.S. 50-107 [11-50-107]) and usually the municipality (11 O.S. 50-109 [11-50-109]) for a predetermined period of time (11 O.S. 50-114B [11-50-114B]) . In order to be eligible for a service pension under 11 O.S. 50-114 [11-50-114] requires a police officer to satisfy specific requirements, to-wit: "1. The officer's service with the Police Department for any such municipality must have ceased; 2. The officer must have served for a period of twenty (20) years or more in some Police Department in the State of Oklahoma or a standard equivalent to that required for eligibility under this article, the last five (5) years of which service shall have been consecutive immediately preceding the end of such period and with the municipality paying said pension; and 3. The officer must have complied with any agreement as to contributions by such officer and other police officers to any funds of the Police Pension and Retirement System where said agreement has been made as provided by this article; . . . 4. The officer must have served twenty years in compliance with Article 50." In construing any statute, the primary rule of construction is to ascertain and declare the intention of the legislature. Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl. 230 P.2d 915 (1951). When the intent of the legislature is plainly expressed, there is no room for construction. Johnson v. Ward, Okl., 541 P.2d 182
(1975). A plain reading of this statute in light of the fundamental policy of maintaining the actuarial soundness of the system clearly reveals that the seven year non-participation period cannot be counted towards the required twenty year membership period. By withdrawing their participation, the City of Idabel and its police officers voluntarily assumed the consequences of their actions. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A police officer who was not a member of a municipal police pension and retirement system for seven years due to the voluntary withdrawal of participation by his department by vote of the officer membership, may not claim those years as creditable service towards retirement on the basis of twenty years service because it was the intent of the legislature to maintain the actuarial soundness of the pension system, in part, by way of a mandatory minimum participation and contribution period. (JEFFREY L. WEEKS) (ksg)