COUNTIES AND COUNTY OFFICERS The County Commissioners of Garfield County are authorized to build an office building on the county owned fair grounds without acquiring the approval of the Board of Directors of the Fair Association if the building will be used "to promote agriculture, horticulture, livestock and poultry raising, manufacturing, arts, trades, or every industry of the county in which the fair is held." The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question. "Are the Garfield County Commissioners authorized to build an office building to house the County Extension Service offices on the county owned fairgrounds without acquiring the approval of the board of directors of the fair association ?" Title 19 O.S. 339 [19-339] (1971) sets forth the general powers of a board of county commissioners as it concerns county property, providing in part as follows: "They shall have power: First. To make all orders respecting the property of the county, to sell the public grounds of the county and to purchase other grounds in lieu thereof; and for the purpose of carrying out the provisions of this section it shall be sufficient to convey all the interests of the county in such grounds when an order made for the sale and a deed is executed in the name of the county by the chairman of the board of commissioners, reciting the order, and signed and acknowledged by him for and on behalf of the county." Title 2 O.S. 131.5 [2-131.5] (1971) supplies the general grant of authority to the boards of directors of the fair associations, to wit: "The board of directors shall have the power, authority and control over such agricultural and industrial exposition and fair, and the management, operation and conducting of the same, and such board shall at the end of each calendar year, and in any event not later than thirty (30) days thereafter, make and file under oath, with the board of county commissioners, a complete detailed report of all their transactions of business and finance for the year, and when approved by the Board of County Commissioners, same shall be filed with the county clerk." Title 2 O.S. 131.14 [2-131.14] (1971) applies specifically to property acquired for fair purposes, providing as follows: "All property heretofore acquired by any such county by virtue of the provisions of various legislative acts for expositions and free fair purposes is hereby declared to be the property of such county coming within the provisions of this Act, and is hereby placed under the custody and control of the Board of County Commissioners in such county the same as other county property, and to be used for the purposes of carrying out the provisions of this Act, provided, however, that the board of directors of such exposition and fair shall have the right to lease or rent any of the property belonging to it, including all grounds, buildings and equipment of the exposition and fair, for any purpose, and upon such terms as they deem proper, during such time as the same is not being used for exposition and fair purposes, and use the proceeds of such lease or rental for the general purposes of this Act." In construing any statute, the primary rule of construction is to ascertain and declare the intention of the legislature. Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl., 230 P.2d 915 (1951). When the intent of the legislature is plainly expressed, there is no room for construction. Johnson v. Ward, Okl., 541 P.2d 182 (1975). Different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each. Johnson v. Ward, supra. A plain reading of these statutes reveals that any property acquired by the county to be used only for fair or exposition purposes is in the custody and control of the Board of County Commissioners subject to the right of the board of directors of the fair association to lease or rent such facilities during such time as the property is not being used for exposition and fair purposes. The only remaining qualification upon the powers of county commissioners with respect to property acquired for fair and exposition purposes is that it ". . . be used for the purposes of carrying out the provisions of the Act . . ." What constitutes fair and exposition purposes within the contemplation of the act is determined by the provisions of Title 19 O.S. 92 [19-92] (1971), which provides as follows: "The object of free fairs shall be to promote agriculture, horticulture, livestock and poultry raising, manufacturing, arts, trades and every industry of the county in which the fair is held." Whether the purposes of the cooperative extension service sufficiently coincide with the requirements set out in 19 O.S. 92 [19-92] presents a question of fact and not law which this office is not empowered to resolve. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The County Commissioners of Garfield County are authorized to build an office building on the county owned fair grounds without acquiring the approval of the Board of Directors of the Fair Association if the building will be used "to promote agriculture, horticulture, livestock and poultry raising, manufacturing, arts, trades, or every industry of the county in which the fair is held." (JEFFREY L. WEEKS)