CITIES AND TOWNS
A municipality in the State of Oklahoma is empowered to "attempt" to disqualify payments made pursuant to a municipal sick leave plan from being considered in the calculation of the wage for F.I.C.A. purposes so long as such plan is approved pursuant to 51 O.S. 121 [51-121] et seq. (1971). The Attorney General has received your request for an opinion based generally upon the following facts: At some point in time prior to 1976, the City of Tulsa made provision for the injury leave payments made pursuant to Section 634 of the General Policies and Rules of the Personnel Policies and Procedures Manual for on the job injuries, exempt from F.I.C.A. taxes. During the 1977 Federal/State review of the Social Security reporting practices of Oklahoma governmental entities, the Department of Health, Education and Welfare noted the above cited practice and requested further information relating to the authority of the City of Tulsa to establish such plans under state law, prior to rendering a coverage determination. You then ask the following question: "Is the City of Tulsa authorized to establish sick leave plans, as defined under Federal law, which would act to exclude sick and injury leave payments from wages covered under the OASI Program (Old. Age Survivor's Insurance) under the Federal Social Security Act?" It is a basic proposition of law that all municipalities have the authority to raise revenue, make appropriations, regulate salaries and wages, and otherwise generally — control all financial affairs of the municipality. See Title 11 O.S. 9-108 [11-9-108], 11 O.S. 10-106 [11-10-106], 11 O.S. 11-108 [11-11-108], and 11 O.S. 12-106 [11-12-106] (1978). This authority is subject however to the limitations imposed by the Oklahoma Constitution or other laws of the state. In re Gribben, Okl.,47 P. 1074 (1897). The provisions of the Old Age and Survivor's Insurance Act, Title 51 O.S. 121 [51-121] et seq. (1971), must now be examined for a possible conflict between those provisions and the authority of a municipality to control its finances under the aforementioned Title 11 provisions. Chapter 4 of Title 51 establishes the basic statutory scheme for the application of the OASI System to employees of the State of Oklahoma or its instrumentalities. 51 O.S. 121 [51-121] declares that it is the policy of the Legislature to extend the basic protection of the Old Age and Survivor's Insurance System embodied in the Social Security Act to employees of the State and its political sub-divisions on as broad a basis as permitted under applicable Federal law. Pursuant to the provisions of Title 51 O.S. 125 [51-125] (1971), political sub-divisions (a term which includes municipalities, see Title 51 O.S. 122 [51-122](f) (1971)), are authorized to submit for approval by the "State Agency" (see Title 51 O.S. 122 [51-122](d) (1971)), a plan for extending the benefits of the Social Security Act to employees of the political subdivisions as long as the plan conforms with applicable federal law. The "State Agency" is directed to approve the plan if it meets the requirements provided in the regulations of that agency and it meets the requirements set out in 51 O.S. 125 [51-125]. The cardinal rule of statutory construction is to ascertain and declare the intention of the Legislature. Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). Legislative acts are to be construed in such a manner as to reconcile different provisions and render them consistent and harmonious and give intelligent effect to each. Eason Oil Company v. Corporation Commission, Okl., 535 P.2d 283 (1975). Based upon the above, it is clear that the authority of a municipality to enact ordinances establishing sick leave plans for municipal employees which would attempt to exempt payments made thereunder from being classified as wages for Social Security purposes, must be read in conjunction with the provisions of Title 51 O.S. 121 [51-121] et seq (1971). Assuming for the purposes of this opinion that those provisions have been complied with by the municipality in regards to the "submitting for the approval by the 'State Agency' a plan for extending the benefits of the Social Security Act to employees . . .," the municipality can be deemed to have the authority to establish such a plan. Whether or not the payments made under such a plan would qualify to be exempt from the wage definitions under the OASI program is a question that this office is not empowered to answer. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A municipality in the State of Oklahoma is empowered to "attempt" to disqualify payments made pursuant to a municipal sick leave plan from being considered in the calculation of the wage for F.I.C.A. purposes so long as such plan is approved pursuant to Title 51 O.S. 121 [51-121] et seq. (1971). (JEFFREY L. WEEKS)