INSURANCE
A "hospital service and medical indemnity corporation, nonprofit" may enter into an "administrative services only" contract with an employer established non-profit self-funded group accident and health insurance program. The Attorney General has considered your request for an opinion wherein you ask the following question: "May a 'Hospital Service and Medical Indemnity Corporation, Non-Profit' enter into an 'Administrative Services Only' contract with an employer established self-funded Group Accident and Health Insurance Program?" In response to your question, it is initially observed that such corporations are authorized pursuant to the provisions of 36 O.S. 2601 [36-2601] (1971), which provides as follows: "Charitable and benevolent corporations may hereafter be organized not for profits under the laws of the State of Oklahoma, for the purpose of establishing, maintaining and operating a non-profit hospital service or indemnity plan, and/or a nonprofit medical or indemnity plan by complying with the provisions of this article and shall be exempt from all other provisions of the insurance laws and the General Corporation Laws of this state, unless otherwise specifically provided herein." (Emphasis added) It is further observed that 36 O.S. 2605 [36-2605] (1971) provides that: "Any such corporation may enter into contracts for the rendering or providing of hospital and/or medical service or indemnity to any of its members with any individuals licensed in any branch of the healing arts and/or licensed hospitals maintained or operated by individuals, partnerships, associations or corporations and hospitals maintained or operated by the state or its subdivisions. Any such corporation may contract with any domestic or foreign corporation or associations for the purpose of providing or rendering hospital or medical service or indemnity; provided, however, that no company licensed under the laws of this state shall enter into an exclusive contract with any individual partnership or corporation licensed in the healing arts or with any hospital." (Emphasis added) It is further observed that, although no specific authority is granted by statute for these purposes, no specific statutory prohibition of the corporation entering into administrative services only types of contracts is contained within the statutes relating thereto. As a general rule of law, a corporation has the implied powers to do those things necessary and proper to perform the purposes of its creation and to engage in those activities reasonably related to the execution of the primary purposes and objectives of the corporation where not prohibited by law. It is apparent in reviewing the act relating to hospital service and medical indemnity corporations, non-profit, that the general intent of the Legislature was to facilitate the provision of a nonprofit hospital service or indemnity plan and/or non-profit medical or indemnity plan and to provide for the establishing, maintaining and operating of such. In the instant case it is apparent that only the operating of such a plan is contemplated. The relevant rule of statutory construction in this instance, as stated in the case of City of Midwest City v. Harris, Old.,561 P.2d 1357, is as follows: "The primary object of statutory construction is to ascertain the legislative intent. That intent is ascertained from the whole act in the light of the general purpose or object." In the light of the above observations, it is apparent that the Legislature, as a matter of public policy, intended to facilitate the provision of such plans on a non-profit basis by such corporations. Therefore, it would appear that the provision of an "administrative services only" contract by a "hospital service and medical indemnity corporation, non-profit" to a non-profit employer established self-funded group accident and health insurance program would not be inconsistent with such legislative intent. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: A "hospital service and medical indemnity corporation, non-profit" may enter into an "administrative services only" contract with an employer established non-profit self-funded group accident and health insurance program. (LARRY D. BARNETT) (ksg)