The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: Question 1: Must a member of a police department participating in the Oklahoma Police Pension and Retirement System meet the requirement for the municipal police and retirement system as outlined in 11 O.S. 50-112 [11-50-112] (1948)? Question 2: If the answer to question one is in the affirmative, do the police officers transferring between towns have to requalify to be members of Oklahoma Police Pension System? Question 3: If the Applicant is denied membership, but remains employed by the Police Department participating in the Oklahoma Police Department System, should contribution be withheld as stated in 11 O.S. 3-305 [11-3-305] (1978)? Title 11 O.S. 50-301 [11-50-301] (1978) creates the Oklahoma Police Pension and Retirement System: "11 O.S. 50-301 [11-50-301]. OKLAHOMA STATE POLICE PENSION AND RETIREMENT SYSTEM. There is hereby created the Oklahoma Police Pension and Retirement System for those municipalities which employ twenty (20) police officers or less and which have elected to participate in the system as provided in 11 O.S. 50-301 [11-50-301] through 11 O.S. 50-309 [11-50-309] of this title." However, participation in the Oklahoma Police Pension and Retirement System shall be initiated on the recommendation to the governing body of the municipality by at least three-fourths majority vote of all police officers of the municipality. 11 O.S. 50-302 [11-50-302]. Furthermore, for a municipality to become a member of the Oklahoma Police Pension and Retirement System, the municipality must comply with 11 O.S. 50-308 [11-50-308] (1978), which states: "Any municipality which employs twenty (20) police officers or less may join the Oklahoma Police Pension and Retirement System in January of any year commencing January 1, 1974. Application for affiliation with the retirement system shall be by resolution of the governing body of the eligible employer upon the recommendation of the police officers as herein provided for. The resolution shall be published once each week for two (2) consecutive weeks in a newspaper of general circulation in the municipality wherein the eligible employer is located. Upon the filing of a certified copy of such resolution with the State Board, such election shall be irrevocable and the eligible employer shall become affiliated with the retirement system on January 1 of the year immediately following the filing of such election with the State Board." In Part 1. Municipal Police Pension and Retirement System, 11 O.S. 50-112 [11-50-112] (1978), the law is: "11 O.S. 50-112 [11-50-112]. REQUIREMENTS FOR MEMBERSHIP IN PENSION SYSTEMS. — All persons employed as police officers as defined in this article shall be entitled to participate in the Police Pension and Retirement System upon initial employment with the Police Department of a municipality, provided such persons are of good moral character, not addicted to the use of alcohol or drugs, free from deformities, mental or physical defects or conditions or disease that would interfere with the performance of regular police duties, and provided further that a person employed as a police officer first pass the requirements of a physical-medical examination pertaining to age, height, weight, sight, hearing, agility and other conditions the requirements of which are jointly established by the municipality and its Board of Trustees. A police officer shall be not less than twenty-one (21) nor more than thirty-five (35) years of age when accepted for initial membership in any Police Pension and Retirement System; provided that the Board of Trustees, by rule or regulation, may increase the maximum age for membership in the Police Pension and Retirement System by not more than seven (7) years. The Board of Trustees shall have authority to deny or revoke membership of any person submitting false information in such person's membership application. A municipality may require persons hired as police officers who have qualified under this article to be members of the Police Pension and Retirement System of that municipality." Also, in 11 O.S. 50-304 [11-50-304], Consolidation-Proposal, it is so stated that: "Any municipality which employs twenty (20) police officers or less and which has any type of pension or retirement plan for police officers, authorized under the laws of the State of Oklahoma may consolidate such plan with the Oklahoma Police Pension and Retirement System in the manner provided in 11 O.S. 50-303 [11-50-303] of this title. The governing body of the municipality seeking consolidation must submit a proposal of consolidation to accompany the certified copy of resolution. Such proposal shall provide that: "1. The operation of such other pension or retirement system shall be discontinued upon acceptance into the Oklahoma Police Pension and Retirement System; "2. Any person receiving any benefits from such other system shall continue to be paid by the Oklahoma Police Pension and Retirement System on the basis of the benefits scheduled applicable to such other system at the date of the proposed consolidation. "3. All cash and securities to the credit of such other system shall be transferred to the Oklahoma Police Pension and Retirement System; "4. Funds of such other system which represent accumulated contributions, if any, of members shall be credited to the employees accumulated contribution reserve of each employee, and the balance of the Funds so transferred to the Oklahoma Police Pension and Retirement System shall be offset against the liability on account of existing persons receiving benefits and active members; and "5. Such consolidation shall take effect only on the first anniversary of the entry date. "6. All consolidation proposals filed with the State Police Pension and Retirement Board pursuant to this article shall provide that any ordinances governing the operation of any then existing police pension funds which are in conflict with the laws of Oklahoma or rules and regulations of the State Board shall be repealed by the governing body of the municipality which files said consolidation proposals." (emphasis added) From a reading of the appropriate provisions of 11 O.S. 50-304 [11-50-304] (1978), the answer to question one is in the negative. 11 O.S. 60-304 [11-60-304] (1978) (1) states that: "1. The operation of such other pension or retirement system shall be discontinued upon acceptance into the Oklahoma Police Pension and Retirement System." (emphasis added) In addition to 11 O.S. 50-304 [11-50-304](1) (1978), 11 O.S. 50-304 [11-50-304](6) (1978) states: "6. All consolidation proposals filed with the State Police Pension and Retirement Board pursuant to this article shall provide that any ordinances governing the operation of any then existing police pension funds which are in conflict with the laws of Oklahoma or rules and regulations of the State Board shall be repealed by the governing body of the municipality which files said consolidation proposal." (emphasis added) The only carryover from the Municipal System would be the municipal system's way of paying benefits to a police officer. 11 O.S. 304 [11-304](2) (1978) states: "2. Any person receiving any benefits from such other system shall continue to be paid by the Oklahoma Police Pension and Retirement System on the basis of the benefits scheduled applicable to such other system at the date of the proposed consolidation." Therefore, a police department once admitted to the Oklahoma Police Pension and Retirement System is no longer subject to the requirements of the municipal police and retirement system. However, the benefits from such other Police Pension and Retirement System shall continue to be paid on the same basis as paid before said police department consolidates into the State system. The answer to Question two is in the negative. The word "system" imparts a unity of purpose as well as an entity of operation. Board of Education, City of Ardmore v. State, Okla.109 P. 563 (1910). In construing any statute, the primary rule of construction is to ascertain and declare the intention of the Legislature. Midwest City v. Hanis, Okl. 561 P.2d 1357,1977. That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl. 230 P.2d 915, 1951. Thus, since the intent of the Legislature was to create one system (Oklahoma Police Pension System) to replace individual municipal system, there is no reason why a police officer transferring between towns in the Oklahoma Police System has to requalify. Question three can be answered in the negative. Title 11 O.S. 50-305 [11-50-305] (1978), Contributions, reads as follows: "Each participating municipality, beginning with the first payroll for service performed after the entry date, shall deduct from the compensation of each police officer five percent (5%) of the officer's compensation as employee contributions f or the Oklahoma Police Pension and Retirement System. Such deductions shall be remitted monthly, or as the Board may otherwise provide, to the Board of Trustees of the Oklahoma Police Pension and Retirement System and shall be credited to the member's individual account." (emphasis added) The 5% deduction as stated in 11 O.S. 50-305 [11-50-305] (1978) is to be deducted from a police officer's salary, once the police officer is in the Oklahoma Police Pension and Retirement System. It is, therefore, the opinion of the Attorney General that: 1. A member of a police department participating in the Oklahoma Police Pension and Retirement System does not have to meet the requirement of 11 O.S. 50-112 [11-50-112] (1978). 2. A police officer transferring between towns does not have to requalify to be a member of the Oklahoma Police Pension and Retirement System once he is a member of said system. 3. The five percent (5%) deduction as stated, 11 O.S. 50-305 [11-50-305] (1978), is to be deducted from a police officer's salary once the police officer is in the Oklahoma Police Pension and Retirement System. (STEPHEN F. SHANBOUR) (ksg)