The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Is the word "absence" as used in H.B. 1834, enacted by the Thirty-Seventh Legislature, Second Regular Session, to be broadly interpreted to mean any situation in which the Chief Mine Inspector is physically absent from his office for meetings, vacations, etc., or is it to be narrowly interpreted to mean only those instances where he is incapable, through illness or other reasons, to continue in his responsibilities? H.B. 1834 amends 45 O.S. 3 [45-3] (1978), by providing for the office of Deputy Chief Mine Inspector. The Bill further amends 45 O.S. 3 [45-3] by providing that: ". . . . The Deputy Chief Mine Inspector shall assume all of the duties and responsibilities of the Chief Mine Inspector in the absence of the Chief Mine Inspector." (Emphasis added) In order to answer your question, it is necessary to determine what the Legislature intended by the use of the term "absence". See Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). In an effort to do so, reference should first be made to Oklahoma law dealing with the issue of devolution of the powers and duties of a public officer on a subordinate officer upon the "absence" of the former. A careful examination of Oklahoma case law reveals that the courts have addressed only the devolution of the powers and duties of the Governor on the Lieutenant Governor or President Pro Tempore of the Senate as provided for in Okla. Const., Article VI, Section 15 and Article VI, Section 16. See Ex parte Crump,10 Okl.Cr. 153, 135 P. 428 (1913) and Fitzpatrick v. McAlister,121 Okl. 83, 248 P. 569 (1926). Such cases determine that devolution shall occur upon the removal or absence of the Governor from the State, including mere temporary absences "for any purpose or for any period of time." See Ex parte Crump, supra, and Fitzpatrick v. McAlister, supra. The rationale for the rule is to insure that the powers of government and the business of the people may continue on without interruption with a duly commissioned executive in charge. See Ex parte Hawkins, 10 Okl.Cr. 396, 136 P. 991
(1913) and Fitzpatrick v. McAlister, supra. Nevertheless, it is apparent that the concept of absence as set forth in such cases is not instructive with regard to the present issue since the decisions merely interpret certain constitutional provisions dealing specifically with the Office of the Governor and dealing with a specific type of absence, i.e., absence from the state. Therefore, there being no authority in Oklahoma on point, it is necessary to review what other jurisdictions have held regarding the meaning of the term "absence" as used in devolution provisions. In so doing, it is apparent that the majority of jurisdictions view the term to mean "an absence such as will injuriously affect the public interest . . . ." See In re An Act Concerning Alcoholic Beverages, 130 N.J.L. 123,31 A.2d 837 (1943). As somewhat differently stated in Sawyer v. First Judicial District Court, Nev., 410 P.2d 748
(1966), the rule is that absence means "effective absence — i.e., an absence which is measured by the state's need at a given moment for a particular act by the official then physically not present." Indeed, the contemplated act to be executed in another's absence "should contain an element of emergency and necessity for immediate execution." See Gelinas v. Fugere, 55 R.I. 225,180 A. 346 (1935). Such commonly accepted construction of the term "absence" is consistent with the rationale of the Oklahoma decisions which interpret absence to provide for continuity of government. Additionally, it should be noted that the application of such rule can only be accomplished on a case by case basis taking into consideration the particular exigencies and other circumstances then in existence. Accordingly, it is the official opinion of the Attorney General that your question be answered as follows: Whether the Chief Mine Inspector is absent as contemplated in 45 O.S. 3 [45-3] of H.B. 1834, enacted by the Thirty-Seventh Legislature, Second Regular Session, is a question of fact to be determined on a case by case basis by reference to the concept of "effective absence," that being all absence which is measured by the State's need for a particular act by the Chief Mine Inspector then physically not present. (BRENT S. HAYNIE) (ksg)