**Paul D. TAYLOR, President, Fraternal Order of Police, Lodge 123; Fraternal Order of Police, Lodge 123, An Unincorporated Association; and Terry Stroud, An Individual, Petitioners,**

v.

**Scott JOHNSON, City Manager, City of Oklahoma City; Donald Flegal, Personnel Director, City of Oklahoma City; and the City of Oklahoma City, Oklahoma, A Municipal Corporation, Respondents.**

No. 64348.

Supreme Court of Oklahoma.

Sept. 17, 1985.

As Corrected Sept. 20, 1985.

aside as violative of the statutory policy against

the open-ended monetary awards of money.

Lampkin, McCaffrey & Tawwater by George J. McCaffrey and David M. O'Dens, Legal Intern, Oklahoma City, for petitioners Taylor and F.O.P., Lodge 123.

Horning, Johnson, Grove & Moore by James R. Moore, Oklahoma City, for petitioner Stroud.

Robert D. Allen, Municipal Counselor, and Richard E. Mahoney, Asst. Municipal Counselor, Oklahoma City, for respondents.

## MEMORANDUM OPINION

LAVENDER, Justice:

Petitioner Terry Stroud was employed as a police officer by respondent City of Oklahoma City. Stroud is also a member of petitioner F.O.P., Lodge 123.

On July 3, 1984, Stroud was discharged by respondent City. The reason given for the discharge was apparently that Stroud had lied to superiors. Stroud filed a grievance concerning this disciplinary action under the collective bargaining agreement in effect between F.O.P., Lodge 123, and respondent City. This grievance was in turn submitted for arbitration as provided in the collective bargaining agreement. The arbitrator rendered a decision that the City had not met its burden of proof to support a discharge and rendered an award to Stroud reducing the disciplinary discharge to a ten day suspension, with Stroud to be immediately reinstated with benefits, back-pay and seniority restored.

The arbitrator's decision in this case was rendered in February 1985. On February 19, 1985, the City filed a declaratory judgment action in Oklahoma County District Court seeking a determination as to whether the arbitrator's decision was binding upon the City. Petitioners, in turn, filed this application and petition before this Court, requesting that the Court assume original jurisdiction of the matter and issue a writ of prohibition to the District Court of Oklahoma County regarding the declaratory judgment action and a writ of mandamus to the City of Oklahoma City directing it to abide by the arbitrator's decision.

In *Garner v. City of Tulsa,* 651 P.2d 1325 (Okla.1982), we noted that the strong public policy and legislative intent reflected in the Fire and Police Arbitration Act, 11 O.S. 1981 §§ 51–101 through 51–113, supported this Court's assumption of original jurisdiction in a case involving the interpretation and application of a collective bargaining agreement as it had been applied in a grievance proceeding brought on behalf of a single individual. The Legislature's intent that disputes arising under the act be swiftly disposed of to facilitate the rights of the firefighters and police officers to the benefit of collective bargaining as well as the public interest in the continuous provision of fire and police services dictated that jurisdiction be assumed and the impact of the legislation clarified.

We are faced with a highly similar situation in that the City of Oklahoma City has raised an issue as to construction and application of the collective bargaining agreement. We find the assumption of original jurisdiction for the limited purpose of addressing the issues raised to be appropriate. See *Stone v. Johnson*, 690 P.2d 459 (Okla.1984). We do not, however, grant petitioners' requests for writs.

By attempting to have the District Court of Oklahoma County decide the question of whether the collective bargaining agreement between the City and F.O.P., Lodge 123, requires that the City be bound by the arbitrator's decision in this case, the City is circumventing this Court's pronouncement in *Midwest City v. Harris*, 561 P.2d 1357 (Okla.1977), as to the import of 11 O.S.1981 § 51–111. In *Harris* at page 1358, 1359, we stated that:

> Particular language used in § 548.12 expresses the clear legislative intent for any disputes arising from the interpretation or application of the binding agreement to have an "immediate and speedy resolution" by required mediation.
>
> . . . .
>
> It is the procedures, not the substantive law, of §§ 548.8, .9, .10, and .11 that is used by § 548.12. That section does not adopt that portion of § 548.9 which does not require the City to adopt the opinion of the arbitrators. That option relates only to the adoption of the original collective bargaining agreement. Section 548.12 provides "the arbitration board's determination shall be final" ... (Footnote omitted)

In *Voss v. City of Oklahoma City*, 618 P.2d 925, 928 (Okla.1980), we stated, regarding the trial court's role in the interpretation and construction of collective bargaining agreements:

> Courts generally favor arbitration statutes and collective bargaining agreements because they provide substantial justice by an immediate and speedy resolution with a minimum of court interference. The function of the court is generally limited to ascertaining whether the

party is making a claim which is governed by the contract when the parties have agreed to submit all questions of contract interpretation to an arbitrator. The Steelworkers Trilogy decisions simultaneously determined by the United States Supreme Court held that courts are limited to determining whether: 1) there is a collective bargaining agreement in existence; 2) there is an arbitration clause; and 3) if there is an allegation that a provision of the agreement has been violated. If the arbitration clause is broad enough to include the alleged dispute, arbitration must be ordered. If the arbitrator stays within the submission and makes an award within the authority established by the contract, the award must be enforced. (Footnotes omitted)

■ In the present case, as noted in *Harris*, the presence and content of the arbitration clause is dictated by 11 O.S. 1981 § 51–111. Any question regarding the application and interpretation of the collective bargaining agreement is subject to arbitration, and the district court is without jurisdiction to usurp this function.

■ However, in response to petitioners' request, which seems to have been added as an afterthought, regarding the writ of prohibition to be directed to the District Court of Oklahoma County, the request is denied for the following reasons: first, petitioners have not attempted to make the District Court of Oklahoma County a party to this application, either by naming the court as a party respondent or by even furnishing a copy of the application and petition to the court; second, petitioners' application and brief fails to set forth any grounds to establish that the district court is attempting wrongfully to exercise jurisdiction in this case. The application states only that respondents' petition in the case has been filed. Nothing has been presented to the effect that the district court has assumed or is attempting to assume jurisdiction over the proceeding. See *State ex rel. Hunt v. Green*, 508 P.2d 639 (Okla. 1973).

Petitioners' request for writ of mandamus seeks to have this Court determine that the City of Oklahoma City is bound by the arbitrator's decision as to the imposition of discipline below. Respondents argue that the terms of the collective bargaining agreement do not require that the City be bound by such a decision regarding the termination of employees. This question, which was not presented in the arbitration proceeding and to which the parties now seek an answer, is a question of interpretation and application of the collective bargaining agreement. This is a subject for arbitration in itself. *Midwest City v. Harris,* supra. And this question is suitable for arbitration even though it may require the interpretation of statutory law as being incorporated into the collective bargaining agreement. See *Garner v. City of Tulsa,* supra.

As petitioners have a suitable alternative remedy in this case through the vehicle of arbitration we decline to rule on the question which the parties seek to present. See *Association of Classroom Teachers v. Independent School Dist. No. 89,* 540 P.2d 1171 (Okla.1975).

We deny the writs sought by petitioners. We have assumed original jurisdiction only for the purpose of declaring the rights of the parties on the questions sought to be presented as they relate to matters of general public interest.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, HARGRAVE, OPALA, ALMA WILSON and KAUGER, JJ., concur.