CITY OF McALESTER, Appellee,

v.

INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 2284, an unincorporated association, Appellant.

No. 76910.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 10, 1992.

James R. Moore, Horning, Johnson, Grove, Moore, Hulett & Thompson, Oklahoma City, for appellant.

Lynn Paul Mattson, Charles S. Plumb, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Wesley Brown, Gotcher, Brown, Bland & Belote, McAlester, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant International Association of Firefighters, Local 2284 (Union), seeks review of the Trial Court's order vacating an arbitrator's award for Union on motion therefor of Appellee City of McAlester (City), by which the Trial Court found the arbitrator's decision/award contrary to public policy and the parties' collective bargaining agreement. Herein, Union asserts the arbitrator's decision (1) is final and not subject to relitigation in court, (2) is in accord with the parties' collective bargaining agreement, (3) is not contrary to City practices and policies, and (4) is not contrary to public policy.

Briefly stated, three City employees transferred from general City service to the Fire Department, but elected not to join Union. According to existing City policy, City credited the three employees with accrued benefits allowed firefighters for their years of City service for purposes of wages, vacation and sick leave. Union took issue with the policy of allowing the employees credit for time served in other City employment, and filed a grievance against the three employees seeking a reduction of the employees' wages, vacation and sick leave.

After hearing, the arbitrator found that by allowing the employees credit for previous service, "City violated the Collective Bargaining Agreement by unilaterally granting earned benefits and compensation to the three named employees that they did not have available to them because of their prior employment." The arbitrator thus entered an order directing reduction of the employees' wages, and accrued vacation/sick leave.

City refused to abide by the arbitrator's decision, and sought vacation thereof in District Court. Union counter-claimed for enforcement of the arbitrator's decision. On counter-motions for summary judgment, the Trial Court held for City, finding:

Enforcement of the arbitration award would result in a violation of public policy;

Enforcement of the arbitration award would be contrary to express provisions of the Collective Bargaining Agreement to which [City] and [Union] were parties;

Enforcement of the arbitration award would contravene and be in violation of City departmental practices and policies then in effect.

In this appeal, Union asserts the arbitrator's decision construing and in accord with the terms of the collective bargaining agreement is not subject to review in the District Court.[1] Thus, says Union, the Trial Court improperly *substituted its judgment* for that of the arbitrator, demanding reversal of the Trial Court's order.

City responds, arguing an exception to the rule under which the courts are not bound to defer to the arbitrator's decision (1) if enforcement thereof would violate public policy as determined by reference to law and legal precedent,[2] or (2) where the arbitrator's decision deviates from the terms of the collective bargaining agreement.[3] Thus, says City, because the effect of the arbitrator's decision ran afoul of Oklahoma statute guaranteeing employees' freedom from coercion to join the union and/or retaliation as a result of their choice,[4] and because Union has never sought such forfeiture of accrued benefits of transferred Union members before (raising substantial equal protection concerns under the statute and the specific terms of the collective bargaining agreement requiring uniform treatment of all firefighters without regard to union membership), the arbitrator's decision contrary to the statute and the specific terms of the contract guaranteeing uniform treatment of employees subject thereto is not entitled to enforcement.[5]

 We find the Trial Court erred in refusing to enforce the arbitrator's decision:

> ... The courts are not authorized to consider the merits of an award even though the parties may allege that the award rests on errors of fact or on a misinterpretation of the contract.
>
> . . . . .
>
> ... It is the construction of the [contract by the] arbitrator which was bargained for and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*City of Yukon v. Firefighters Local 2055,* 792 P.2d 1176, 1179, 1180 (Okl.1990).

In the present case, after hearing the evidence, the arbitrator tacitly rejected City's allegation of discriminatory, retaliatory action by Union against the three non-union employees. The arbitrator construed the contract provisions concerning accrued benefits to control over any past practices of City, and determined that City violated these provisions by allowing the employees benefits not previously available to them. The arbitrator's construction of the collective bargaining agreement governs, and the Trial Court may not substitute its judgment for that of the arbitrator.[6]

 The collective bargaining agreement, by its own terms, applies to all firefighter employees regardless of union membership, and the arbitrator's decision construing the contract is thus binding on

---

**1.** 11 O.S. § 51–111; *Taylor v. Johnson,* 706 P.2d 896, 898 (Okl.1985); *Voss v. City of Oklahoma City,* 618 P.2d 925 (Okl.1980). And cf., *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

**2.** See, e.g., *United Paperworkers Int'l. Union v. MISCO, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); *W.R. Grace & Co. v. Int'l. Union of United Rubber, Cork Linoleum and Plastic Workers of America,* 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983).

**3.** See, e.g., *Int'l. Union of Operating Engineers, Local 670 v. Kerr–McGee Corp.,* 618 F.2d 657 (10th Cir.1980); *Fabricut, Inc. v. Tulsa General Drivers,* 597 F.2d 227 (10th Cir.1979); *Mistletoe Exp. Svc. v. Motor Exp. Union,* 566 F.2d 692 (10th Cir.1977).

See also, *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

**4.** 11 O.S. §§ 51–102(6a)(1), (6b)(1).

**5.** See, footnote 3.

**6.** *City of Yukon,* 792 P.2d at 1179, 1180.

all firefighter employees, union and non-union members alike.[7] We therefore hold the arbitrator's construction of the contract neither affected by pure error of law nor violative of any public policy, and therefore impervious to District Court interference.

The order of the Trial Court is therefore REVERSED.

GARRETT, P.J., and ADAMS, J., concur.

---

7. The parties suggest in their briefs, and have so stipulated in oral argument on rehearing, that the arbitrator's decision affects the benefits of not only the three named non-union firefighter employees, but also at least three other union firefighter employees.