Dear Director Langley,
¶ 0 This office has received your request for an official Opinion of the Attorney General in which you asked, in effect, the following question:
May the Oklahoma State Bureau of Investigation ("OSBI") or therequestor of an OSBI investigation, pursuant to 74 O.S. Supp.1997, § 150.5(D), provide a State administrative or privatelitigant access to or a copy of an OSBI investigatory file foradministrative or non-criminal prosecution purposes?
¶ 1 Your question seeks to clarify whether the answer to a similar question, raised in Attorney General Opinion 95-77, may extend to other than agencies which have prosecutorial authority. That Opinion specifically reserved comment on that question.
¶ 2 As in Attorney General Opinion 95-77, the question turns upon the legislative intent contained within 74 O.S. Supp. 1997,§ 150.5[74-150.5], which provides in part:
 A. Oklahoma State Bureau of Investigation investigations not covered under Section 150.2 of this title shall be initiated at the request of the following persons:
1. The Governor;
2. The Attorney General;
 3. The Council on Judicial Complaints upon a vote by a majority of said Council; or
 4. The chairman of any Legislative Investigating Committee which has been granted subpoena powers by resolution, upon authorization by a vote of the majority of said Committee.
 Such requests for investigations shall be submitted in writing and shall contain specific allegations of wrongdoing under the laws of the State of Oklahoma.
 B. The Governor may initiate special background investigations with the written consent of the person who is the subject of the investigation.
 C. The chairman of any Senate committee which is fulfilling the statutory responsibility for approving nominations made by the Governor may, upon a vote by a majority of the committee and with the written consent of the person who is to be the subject of the investigation, initiate a special background investigation of any nominee for the Oklahoma Horse Racing Commission as established by Provision No. 1, State Question No. 553, Initiative Petition No. 315 (3A O.S. Supp. 1982, Section 201[3A-201]). The Bureau shall submit a report to the committee within thirty (30) days of the receipt of the request. Any consideration by the committee of a report from the Bureau shall be for the exclusive use of the committee and shall be considered only in executive session.
 D. All records relating to any investigation being conducted by the Bureau shall be confidential and shall not be open to the public or to the Commission
except as provided in Section 150.4 of this title; provided, however, officers and agents of the Bureau may disclose, at the discretion of the Director, such investigative information to officers and agents of federal, state, county, or municipal law enforcement agencies and to district attorneys, in the furtherance of criminal investigations within their respective jurisdictions. Any unauthorized disclosure of any information contained in the confidential files of the Bureau shall be a misdemeanor. The person or entity authorized to initiate investigations in this section shall receive a report of the results of the requested investigation. The person or entity requesting the investigation may give that information only to the appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report, and shall not reveal or give such information to any other person or agency. Violation hereof shall be deemed willful neglect of duty and shall be grounds for removal from office.
74 O.S. Supp. 1997, § 150.5[74-150.5] (emphasis added).
¶ 3 In Attorney General Opinion 95-77 it was determined that Section 150.5 provides three circumstances by which a person may receive OSBI investigative reports or investigative information:
 1. The OSBI Director has discretionary authority to provide investigative information to law enforcement agencies and district attorneys in furtherance of criminal investigations;
 2. The person or entity authorized to initiate investigations is entitled to receive a report of the results of the requested investigation; and
 3. The person or entity requesting the investigation may give that information to an appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report.
¶ 4 It was determined in Opinion 95-77 that under the third circumstance, the Oklahoma Bar Association, which has civil prosecutorial authority regarding attorney discipline, could receive information from an OSBI investigative report. It was not determined whether prosecutorial authority was essential to the ability to receive this information. As in the previous Opinion, basic rules of statutory construction must be applied. "The primary goal of statutory construction is to determine [the] legislative intent" of a statute "in light of its general purpose and object." TXO Production Corporation v. Oklahoma CorporationCommission, 829 P.2d 964, 968-9 (Okla. 1992). Words in a statute must be understood in their ordinary meaning, except when a contrary intent plainly appears or when otherwise defined by the Legislature. 25 O.S. 1991, § 1[25-1]. Intent must be ascertained from the entire act in light of its purpose. Midwest City v. Harris,561 P.2d 1357, 1358 (Okla. 1977).
¶ 5 The clear intent of subsection D of Section 150.5 is to limit access to the investigative information of the OSBI. However, there is no intent to prohibit all access to information, only an expressed intent to limit that information to prosecutorial officers and agencies of the State with a proper interest in the subject. The parameters of the third circumstance are set by:
 The person or entity requesting the investigation may give that information only to the appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report, and shall not reveal or give such information to any other person or agency.
74 O.S. Supp. 1997, § 150.5[74-150.5](D).
¶ 6 A review of the plain structure of this sentence reveals that an investigative report may be provided to an appropriate prosecutorial officer or agency having statutory authority in a matter if that action appears proper from the information contained in the report. In Attorney General Opinion 95-77, it was noted that the word "prosecute" applies to both civil and criminal actions. Thereby, an agency with prosecutorial authority in a matter would be able to receive an investigative report under Section 150.5(D). The language of the above-cited sentence plainly identifies a legislative intent to allow OSBI reports to be used to accomplish the prosecutorial function of State agencies, as appropriate, and that the ability to prosecute is fundamental to eligibility to receive OSBI investigative reports. This construction properly effects an important objective of the law, that of the prosecution of misconduct under the law, and yet prohibits misuse of OSBI investigative information.
¶ 7 Therefore, under the third circumstance of Section 150.5(D), a copy of an OSBI investigatory report may be provided for administrative or non-criminal purposes to an administrative agency with statutory prosecutorial authority in a matter contained in the report by a person who has requested an OSBI investigation when that appears proper from the information contained in the report. This might be appropriate in at least several agency contexts, such as provision to licensure boards,e.g., to the Board of Medical Licensure and Supervision to aid that board's investigation or licensure of a medical doctor. Likewise, it may be appropriate to provide such a report to the Department of Consumer Credit regarding improper practices in small lending. In short, there may exist numerous scenarios in which OSBI investigative reports would further legitimate ends of State concern which might otherwise not be brought to the attention of appropriate State agencies, and so may be provided pursuant to Section 150.5(D). These examples are not exhaustive, but are provided merely for general guidance. Further, by the nature of the language used in Section 150.5(D), we must presume that the Legislature determined not to allow the provision of such reports to State agencies for other than prosecutorial matters. As such, Section 150.5(D) prohibits the provision of an investigative report for a purely administrative matter, such as personnel actions by an agency.
¶ 8 It is necessary to note that while Section 150.5(D) allows the requestor of an OSBI investigation to provide a copy of the investigative report to an agency with statutory authority in the matter, this in no way negates the mandate that such reports are confidential pursuant to Section 150.5(D). This is not affected by the narrow exception to confidentiality which allows prosecutors and appropriate agencies to make use of the information contained in the reports. Therefore, while agencies may be authorized to receive OSBI investigative reports, the requirement to maintain confidentiality of the reports may require the adoption of policies and procedures or the promulgation of administrative rules under which the agencies may operate effectively with the information obtained yet protect the confidentiality of the reports.
¶ 9 You have also asked whether such an investigatory report may be provided to a private litigant. Although, as mentioned above, there are several mechanisms by which a person or entity outside the OSBI may have access to records of an OSBI investigation, there is no specified mechanism by which a private litigant may have access. The restrictions on this information allow only proper governmental entities to gain access. It would violate the expressed intent of the Legislature to allow private litigants access to OSBI records.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The person or entity which requests the Oklahoma State Bureauof Investigation to do an investigation may provide a copy of theOSBI investigative report to a State administrative agency whichhas civil or criminal prosecutorial authority in a matter if suchprovision appears proper from information contained in thereport. 74 O.S. Supp. 1997, § 150.5(D). Such report must bekept confidential by the agency which receives the report. Id.
 Neither the OSBI nor the requestor of an OSBI investigationmay provide OSBI investigative records or reports, or copiesthereof, to any private litigant.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL