Dear Senator Jeff Rabon,
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect, the following question:
Can a county sheriff resign from a County Jail Trust Authoritycreated pursuant to 19 O.S. Supp. 1998, §§ 904.1-904.10?
 CREATION OF A COUNTY JAIL TRUST AUTHORITY
¶ 1 Statutes specifically authorizing the creation of a County Jail Trust Authority were enacted by the Oklahoma Legislature in 1994, and are codified at 19 O.S. Supp. 1998, §§ 904.1-904.10. The creation of a county jail trust authority, the powers and duties of its board, and the obligations of its directors are governed by these statutes. In construing a statute, the primary object is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose. Midwest City v. Harris, 561 P.2d 1357,1358 (Okla. 1977).
¶ 2 Section 904.1(A) of Title 19 authorizes the board of county commissioners of any county, "if the board determines that such would be conducive to the promotion and preservation of the public safety of the county," to call an election to submit "the question of whether to create a County Jail Trust Authority." If a majority of voters approve, a County Jail Trust Authority is created. 19 O.S. Supp. 1998, § 904.1[19-904.1](B).
 POWERS AND DUTIES OF THE BOARD OF DIRECTORS OF A COUNTY JAIL TRUST AUTHORITY
¶ 3 A review of its powers and duties reveals that the board of directors of a County Jail Trust Authority ("CJTA") has broad powers including the following:
The board of directors shall have the following powers and duties:
 1. To manage and conduct the business and affairs of such Authority;
2. To make and execute all necessary contracts;
. . . .
 4. To contract for employees, sufficient to maintain and operate the criminal justice facilities of the Authority;
. . . .
 8. To contract with federal, state and local governments and agencies for the use of the facilities of the Authority;
9. To establish rules for the Authority; and
 10. To do any and all other things necessary and proper in the management and operation of the Authority for the purpose of promoting the establishment and maintenance of an effective corrections and detention system which will enhance the preservation of the welfare and safety of the residents of the county.
19 O.S. Supp. 1998, § 904.3[19-904.3].
¶ 4 There is no language within the statute that addresses the power of a sheriff to resign from a CJTA. Additionally, there is no express power or duty to replace directors that have resigned.
 COMPOSITION OF BOARD OF DIRECTORS OF COUNTY JAIL TRUST AUTHORITY
¶ 5 The composition of the board of directors of a CJTA is dictated by the language of 19 O.S. Supp. 1998, § 904.2[19-904.2].
Section 904.2(A) states that, "[t]he directors of the Authority so created shall consist of five (5) members and include the chairman of the board of county commissioners, the county sheriff and three appointed members who are residents of the county and who are not elected officials. Each of the county commissioners shall appoint one of the three appointed members." Therefore, the Legislature was very specific and explicit about the composition of the board of directors for a CJTA.
¶ 6 The statute continues by stating that the "county sheriff shall serve as chairman of the board of directors" and that the "chairman and members of the board shall serve without compensation." 19 O.S. Supp. 1998, § 904.2[19-904.2](B). Thus, from a plain reading of the statute, the sheriff serves not only on the board, but also as board chairman, by virtue of being the sheriff of the county in which the CJTA is created.
¶ 7 Since the sheriff serves on the board of directors and as its chairman by virtue of being the elected county sheriff, his continued service on the board of the CJTA is based upon his continued service as the county sheriff. When one no longer serves as sheriff, because of resignation, retirement or other action, that person no longer serves on the CJTA board. But so long as one maintains the office of county sheriff, he or she is a member of that board by virtue of that elective office. Also see, Attorney General Opinion 98-43 for a more detailed discussion on ex officio positions, which is service by virtue of one's office or position.
¶ 8 Finally, the legislation that authorized the creation of a CJTA stated requirements for only two members of the board of directors. The Legislature intended for two county officials, the chairman of the board of county commissioners and the sheriff, to serve ex officio on the board of directors of the CJTA because of their positions in county government. The statutes do not provide any procedure for the substitution of another person for the sheriff or the chairman of the board of county commissioners although the Legislature could have included language for that purpose. The three other CJTA directors are appointed by the county commissioners, and do not serve on the board because of any position they hold or as ex officio members, but instead each county commissioner appoints one of the three members.
¶ 9 Further, while the Legislature did provide for the dissolution of a CJTA, the statutes do not provide for the board of county commissioners to fill vacancies on the CJTA board. 19O.S. Supp. 1998, § 904.8[19-904.8]. Had the Legislature anticipated allowing the sheriff to resign from the County CJTA, it could have included a provision to fill that vacancy. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City ofDuncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964). In this instance, the Legislature has not authorized the sheriff to resign from the trust, and the statute creating a County Jail Trust Authority controls the composition of its board. 19 O.S.Supp. 1998, § 904.2[19-904.2].
 ¶ 10 It is therefore, the official Opinion of the AttorneyGeneral that:
 There is no authority for a county sheriff to resign from aCounty Jail Trust Authority created pursuant to 19 O.S. Supp.1998, §§ 904.1[19-904.1] -904.10. Pursuant to 19 O.S. Supp. 1998, §904.2[19-904.2], the county sheriff serves on the board of directors andas the chairman of said board, i.e., ex officio. Only whenthe person ceases to serve as county sheriff, because ofresignation, retirement or other action, does that person ceaseto serve on the board of directors of the County Jail TrustAuthority.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL