Dear Executive Director Gary R. Clark
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is the Physicians Liability Company required, under the provisions of 76 O.S. 2001, § 17, to report to the Oklahoma Board of Osteopathic Examiners the actual dollar amount paid to settle professional liability claims?
¶ 1 The Physicians Liability Company ("PLICO") insures physicians, including osteopathic physicians, against medical malpractice claims. The Oklahoma Board of Osteopathic Examiners ("Board") licenses and disciplines osteopathic physicians. See59 O.S. 2001, §§ 620-645[59-620-645]. The statute, referenced in the question, provides that PLICO must notify the Board when claims are made against an osteopathic physician and when such claims are resolved. You ask whether PLICO must report to the Board the exact dollar amount paid to a claimant when the claim is settled. The question is answered by examining the statute referenced. Title 76 O.S. 2001, § 17[76-17] specifically provides:
Whenever a claim of personal injury is made against any practitioner of the healing arts or a licensed hospital, a report shall be made to the appropriate licensing board or agency by the liability insurer of such practitioner or hospital within sixty (60) days after receipt of information that a claim is being made. In the event that such claim is made against a party not insured, the report shall be made by the party. The report shall be in writing on a form containing the following information:
 1. The name and address of the practitioner or hospital;
2. The name, age and address of the claimant;
 3. A brief statement of the nature of the injury, illness or condition complained of and the act or omission complained of; and
 4. Whether a suit is pending and, if so, the court, style and docket number of the action.
 And whenever such claim or suit is concluded, the disposition shall be reported to the appropriate board or agency promptly.
 This report shall be privileged except as hereinafter provided.
 The licensing board or agency shall take any remedial, disciplinary or corrective action as it may deem warranted by the facts contained in the report.
 Any person or liability insurer failing to furnish a report on a claim as required in this section shall be guilty of a misdemeanor.
 Further, the board or agency shall annually furnish the President Pro Tempore of the Senate and the Speaker of the House of Representatives a full report of all such claims except that names and addresses of all parties shall be omitted. Such report shall include disposition of the claim as well as a report of all action taken by the board or agency and the reason therefor.
Id. (emphasis added).
¶ 2 This statute plainly requires a company which insures practitioners of the healing arts, including doctors of osteopathy, to report the "disposition" of claims and/or lawsuits against such doctors to the Board of Osteopathic Examiners.[1] The term "disposition" is not defined by statute. Therefore, 25 O.S. 2001, § 1[25-1] dictates that "[w]ords used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." See alsoFirst Am. Bank Trust Co. v. Okla. Indus. Fin. Auth.,951 P.2d 625, 631 (Okla. 1997). The word "disposition" is commonly defined as: "the act or the power of disposing." And "dispose" is defined as: "to arrange or settle a matter finally or definitively." Webster's Third New International Dictionary 654 (3d ed. 1993).
¶ 3 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). Legislative intent is ascertained from reading the whole Act, "in the light of the general purpose and object." City of MidwestCity v. Harris, 561 P.2d 1357, 1358 (Okla. 1977). The Act "should be given a sensible construction, bearing in mind the evils intended to be avoided." AMF Tubescope Co. v. Hatchel,547 P.2d 374, 379 (Okla. 1976).
¶ 4 Title 76 O.S. 2001, § 17[76-17], when read in its entirety, reflects a three-prong scheme: first, the claim is reported to the appropriate licensing board; second, the licensing board determines what action, if any, is warranted; and third, the licensing board reports the claims and board's actions to the Legislature. This scheme is definite and specific. The liability insurer must report the claim: within sixty (60) days after receipt; the name and address of the practitioner; the name, age and address of the claimant; information regarding the injury; information regarding the alleged act or omission; if a suit is filed, the court, style and docket number of the action must also be included. Id. This scheme provides the licensing board with enough information to track the claim, contact the claimant, and make an initial determination as to the seriousness of the personal injury claimed. If appropriate, the licensing board "shall take any remedial, disciplinary or corrective action as it may deem warranted by the facts contained in the report." Id.
The statute lastly requires the licensing board to send an annual report to the Legislature reflecting the totality of the scheme and purpose of the statute. In this annual report, the licensing board is required to make "a full report of all such claims," the "disposition of the claim" and "a report of all action taken by the board or agency and the reason therefor." Id.
¶ 5 This scheme, as provided in Section 17, requires the liability insurer to promptly report the disposition of the claim or suit. Consistent with the purpose and intent of the statute which requires specific information to be provided to inform the licensing board of the pending claim, specific information is also necessary to provide the licensing board with the disposition of the claim. Although the statute does not specify all the information that must be provided to the licensing board, the disposition report necessarily includes at least the fundamental conditions of the settlement or resolution of the claim. In fact, the phrase, "whenever such claim or suit is concluded, the disposition shall be reported" indicates that the Legislature intended more than just a statement that the claim has been concluded. Rather, the terms of the disposition, including the dollar amount of the settlement, must be promptly reported. The fact that the Legislature has made this information confidential is further indication that it intended for the terms of the settlement to be reported.
¶ 6 Thus, when a claim or lawsuit against a doctor of osteopathy is finally settled or otherwise definitively resolved, such disposition must be reported to the Board of Osteopathic Examiners. The language of 76 O.S. 2001, § 17[76-17] requires that the Board of Osteopathic Examiners be notified by the doctor's liability insurer when a claim is initiated and when a claim is resolved. The intent of the statute is to provide the licensing board(s) with specific enough information to make at least an initial determination as to the seriousness of the claim. Consistent with such intent, the requirement for the liability insurer to report the "disposition" of the claim indicates the legislature intended for the insurer to report the dollar amount paid to settle, or otherwise resolve, the claim. Id.
 ¶ 7 It is, therefore, the Opinion of the Attorney Generalthat:
 The Physicians Liability Company is required, under the provisions of 76 O.S. 2001, § 17, to report to the Oklahoma Board of Osteopathic Examiners the actual dollar amount paid to settle professional liability claims.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GRETCHEN ZUMWALT-SMITH Assistant Attorney General
[1] Federal law requires any entity, including an insurance company, which makes a payment, in satisfaction of a medical malpractice action or claim, to report the amount of the payment to the appropriate state licensing board. See42 U.S.C. §§ 11131-11134.