**Dollie BEALL, Alva Jones, Floyd Nelson, Fern Nelson, Clarence Bennett, Dorland Bennett, Appellants,**

v.

**The TOWN OF HENNESSEY, an Incorporated Town, and the Board of County Commissioners of Kingfisher County, Oklahoma, Appellees.**

No. 51896.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 18, 1979.

Released for Publication by Order of Court of Appeals Oct. 18, 1979.

Barr & Collier, by Ronald V. Collier, Hennessey, for appellants.

Robert C. Lovell, Hennessey, for appellee Town of Hennessey.

REYNOLDS, Judge:

This case was submitted to the trial court for decision on a stipulated set of facts:

The plaintiffs in this case are all residents of Kingfisher County, Oklahoma and either own property or are residents of an adjacent area to the Town of Hennessey. This area is subject of an annexation attempt by the Town of Hennessey.

The Town of Hennessey is an incorporated Town authorized and existing under and by virtue of the Statute of the State of Oklahoma and operating under a Board of Trustees form of government.

On the 7th day of December, 1976, the Board of Trustees of the Town of Hennessey took the following action which is reflected in its corporate minutes:

> Motion by Trustee, Ralph Choate, seconded by Trustee, John Moery, that Robert Lovell, City Attorney, proceed with the necessary work on annexation with the new boundaries as follows:
>
> [Legal descriptions omitted]
>
> Carried with Trustee Ralph Choate, Trustee Johnny Moery, Trustee Dale Cameron, and Trustee R. C. Blackburn vote of "Aye."

Joe Hickey, a member of the Board of Trustees, was present, but did not cast a vote.

Based upon the vote to proceed with efforts of annexation, a petition was presented to the Board of County Commissioners who approved the annexation of the above described territory into the Town of Hennessey.

The Town of Hennessey will exercise dominion and control over the appellants and the property annexed unless and until the said acts are declared invalid.

On December 28, 1976, Appellants filed the present action for a declaratory judgment that the annexation was invalid. The trial court held the annexation valid.

The sole issue on appeal is whether the vote of the Hennessey Town Board of Trustees annexing the Appellants' property was invalid under the provisions of Title 25 O.S. 1971, § 201, because of Joe Hickey's failure to cast a vote.

Title 25 O.S.1971, § 201 (recodified in Title 25 O.S.Supp.1978, §§ 301–314), provided in part as follows:

> All meetings of the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded.

■ The prime rule of statutory construction is to ascertain and declare the intention of the Legislature. *Midwest City v. Harris*, Okl., 561 P.2d 1357 (1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. *Adams v. Fry*, 204 Okl. 407, 230 P.2d 915 (1951).

■ We agree with Appellants that § 201 was enacted to ensure that the public has access to the meetings of governmental bodies and to further the public's right to know the actions of individual members of its governing bodies by requiring open meetings and public recordation of the votes. However we find nowhere is there expressed an intent to require each member of a public body to vote on each resolution presented. Section 201 was the forerunner of the present Oklahoma Open Meeting Act, Title 25 O.S.Supp.1978, §§ 301–314. To adopt Appellants' contention and construe its provisions as encompassing a requirement that each member of a public body vote for each resolution offered, it would require a much clearer expression of legislative intent.

Title 25 O.S.1971, § 201 did not require each member of the governmental body to vote; rather it provided that whenever he

does vote, such vote shall be publicly cast and recorded. The annexation is valid.

AFFIRMED.

ROMANG, P. J., concurring.