Dear Senate Haney
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
May an Indian tribal government participate in the OklahomaDevelopment Finance Authority Act?
¶ 1 The Oklahoma Development Finance Authority Act ("Act"), 74O.S. 5062.1 (1988) et seq., is a part of a comprehensive economic development act codified at 74 O.S. 5001 (1988) et seq. The stated purpose of the entire economic act is to further the economic development of the State of Oklahoma. The comprehensive act includes legislation regarding Oklahoma Futures, the Department of Commerce, Oklahoma Science and Technology Advisory Committee, Oklahoma Capital Investment Act, Credit Enhancement Reserve Fund Act, Inventors Assistance Act, Oklahoma Agroindustry Policy Commission and the Oklahoma Development Finance Authority Act.
¶ 2 Your request referred to the fact that under certain federal tax statutes, Indian tribal governments are treated as states, or political subdivisions of a state, for federal tax purposes. Indian tribal governments do not fit within the definitions of a state or political subdivision provided in the Act. 74 O.S. 5062.5(19) and 74 O.S. 5062.5(14) (1988). The Internal Revenue Service's treatment of certain Indian tribal governments as states, or political subdivisions, for federal tax purposes is not applicable to the Oklahoma Development Finance Authority Act.
¶ 3 However, your question is not answered by the determination that an Indian tribal government does not qualify as either a state or a political subdivision. The Oklahoma Development Finance Authority has the power to contract with individuals, corporations, associations or other entities for the performance of the duties, powers and functions outlined in the Act. 74 O.S.5062.8(6) (1988). The Oklahoma Development Finance Authority has been granted the power:
 to contract, cooperate, or join with any one or more other governments or public agencies, or with the state, any political subdivisions of this state, or the United States, to perform any administrative service, activity, or undertaking which any such contracting party is authorized by law to perform, including the issuance of bonds.
§ 5062.8(22) (Emphasis added).
¶ 4 The term "other governments" is not defined within the Act or elsewhere in the comprehensive economic development legislation. Further, a review of the Oklahoma statutes has not disclosed a statutory definition of the term "government." Words may be given their ordinary meaning when they are not defined within the statutes. Circle v. Jim Walter Holmes, Inc.,654 F.2d 688 (10th Cir. 1981). Websters Third New InternationalDictionary (1981) defines government as the "organization, machinery, or agency through which a political unit exercises authority and performs functions and which is usually classified according to the distribution of power within."
¶ 5 Our review now turns to the issue of whether Indian tribal governments are considered "other governments" within the meaning and intent of the Act. Without question, Indian tribal organizations have long been recognized as distinct forms of self government. In 1832 the United States Supreme Court held that Indian nations are "distinct political communities, having territorial boundaries, within which their authority is exclusive and having a right to all the lands within those boundaries, which is not only acknowledged, but guaranteed by the United States." Worcester v. Georgia, 6 Pet. 515 (1832).
¶ 6 Indian tribes are not only encouraged to exercise their government prerogatives, but the United States Supreme Court has consistently held that a fundamental aspect of tribal existence is the right to self government. White Mountain Apache Tribe v.Bracker, 448 U.S. 136, 100 S.Ct. 2578, 65 L.Ed.2d 665 (1980);Mescalero Apache Tribe us. Jones, 411 U.S. 145, 93 S.Ct. 1267,36 L.Ed.2d 114 (1973). The Indian Bill of Rights,25 U.S.C.A. 1301, defines Indian tribes as:
 any tribe, band, or other group of Indians subject to the jurisdiction of the United States and recognized as possessing powers of self government.
¶ 7 Powers of self government are deemed to include:
 all governmental powers possessed by an Indian tribe, executive, legislative, and judicial, and all offices, bodies, and tribunals by and through which they are executed, including courts of Indian offenses.
¶ 8 The consistent Oklahoma and Federal view is that Indian tribes are quasi-sovereign nations possessing all the attributes of sovereignty to the extent they have not been taken away by Congress. Ahboah vs. Housing Authority of Kiowa Tribe,660 P.2d 625 (Okla. 1983); Groundhog v. Keeler, 442 F.2d 674 (10th Cir. 1971).
¶ 9 The general rule of statutory construction is to ascertain the legislative intent by examining the act as a whole in light of its basic purpose. Beall v. Town of Hennessey, 601 P.2d 758
(Okla. 1979). Throughout the comprehensive economic development act is the idea that the fundamental mission of the legislation is to encourage and promote the economic development of the State of Oklahoma. 74 O.S. 5062.3 (1988). Regarding the mission of Oklahoma Development Finance Authority to promote policies which will further the economic development of Oklahoma, the Legislature has stated:
 It is hereby found that the public policies and responsibilities of the state as set forth in this act cannot be fully attained without the use of public financing and that such public financing can best be provided by the creation of a state development finance authority with comprehensive and extensive powers therein, which authority shall have the power to issue bonds to provide financing for qualified agricultural enterprises, capital improvements, educational facilities, industrial enterprises, energy conservation facilities, energy distribution facilities, energy generating facilities and facilities (sic), health care facilities, pollution control facilities, recreational facilities and waste water facilities, and that all of the foregoing are public purposes and uses for which public monies may be borrowed, expended, advanced, loaned and granted.
74 O.S. 5062.3(C) (1988).
¶ 10 The Act grants the Oklahoma Development Finance Authority the power to contract, cooperate, or join with one or more other governments to:
 perform any administrative service, activity, or undertaking which any such contracting party is authorized by law to perform, including the issuance of bonds.
74 O.S. 5062.8(22) (1988).
¶ 11 It is in keeping with the spirit and intent of the law that the Oklahoma Development Finance Authority be permitted to contract, cooperate or join with "other governments" for the above specified purposes. Recognition of Indian tribal governments may be found in acts of Congress, treaties, state statutes and in federal approval of tribal enactments. See F. Cohen, Handbook of Federal Indian Law, ch. 4, sec. B1, pp. 239-252; State ex rel. May v. Senaca-Cayuga Tribe, 711 P.2d 77,80 (Okla. 1985). For a list of federally recognized tribes in Oklahoma, see, 47 Fed. Reg. 53130, 53132, 53133 (1982).
¶ 12 Whether an Indian group qualifies as a tribal government is not within the scope of this Opinion but is an issue which must be determined by the Oklahoma Development Finance Authority on a case-by-case basis. Further, there may exist constitutional and statutory prohibitions which would preclude the Oklahoma Development Finance Authority from forming a legal relationship with another government for the purposes outlined in the Act. The Act specifies that the "other government" must be authorized by law to perform the proposed activity or undertaking. The Oklahoma Development Finance Authority must review all applicable law prior to commencement of each proposed activity with the other government. Finally, it must be borne in mind that 74 O.S.5062.8 (1988) grants certain powers to the Oklahoma Development Finance Authority and does not in any way define the powers of "other governments," or enlarge the rights provided in their charters, constitutions or laws.
¶ 13 It is, therefore, the official opinion of the AttorneyGeneral that an Indian tribal government may be permitted toparticipate in the Oklahoma Development Finance Authority Act,74 O.S. 5062.1 (1988) et seq., if the Oklahoma DevelopmentFinance Authority determines that the Indian tribal group is anIndian tribal government and is authorized by law to conduct theproposed activity or undertaking.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE-MOR ASSISTANT ATTORNEY GENERAL